**RESOLUTION TRUST CORPORATION, conservator of Sun State Savings and Loan Association, FSA, a federal mutual savings and loan association, Plaintiff,**

v.

**Kenneth D. OLSON and Valera A. Olson, husband and wife, Defendants.**

**No. CIV–90–1093 PHX WPC.**

United States District Court, D. Arizona.

June 3, 1991.

**284**

Mark Pyper, Phoenix, Ariz., for plaintiff.

Thomas Chenal, Phoenix, Ariz., for defendants.

## MEMORANDUM AND ORDER

COPPLE, Senior District Judge.

Plaintiff Resolution Trust Corporation ("RTC"), as conservator of Sun State Savings and Loan Association ("Sun State"), filed on January 3, 1991 a Motion for Partial Summary Judgment, seeking an order declaring that defendants Kenneth D. Olson and Valera A. Olson (collectively "Olson") are liable for a deficiency judgment, after a trustee's sale, in the amount of $1,132,420.17 (exclusive of costs, attorney's fees and interest). The Olsons responded to the motion and filed a cross-motion for summary judgment, contending that the deficiency action was not timely filed and is therefore forever barred.

Both motions were fully briefed and a hearing took place on May 31, 1991. The Court now rules on the pending motions.

## I. Factual and Procedural Background

On July 2, 1984, the Olsons executed a guarantee in connection with a loan made by Sun State to BKO, an Arizona general partnership. In connection with the loan, BKO executed a promissory note secured by a deed of trust to Sun State. BKO allegedly defaulted on the note and Sun State accelerated the debt and conducted a trustee's sale on April 17, 1990. The sale brought $680,000 which was applied to BKO's total indebtedness of $1,812,420.14, creating a deficiency of $1,132,420.14.

On July 17, 1990 plaintiff filed a complaint seeking a deficiency against the Olsons. Before defendants answered, plaintiff filed its first amended complaint on August 6, 1990. Plaintiff's first amended complaint made no reference to the April 17, 1990 trustee's sale and did not use the word "deficiency." Rather, the amended complaint sought to recover on the guarantee contract executed by the Olsons.

On October 10, 1990, the RTC filed its second amended complaint, attempting to reinstate the deficiency language used in the original complaint.

## II. Discussion

The Olsons contend that this entire deficiency action is barred by A.R.S. § 33–814(D) which states:

> If no action is maintained for a deficiency judgment within the time period prescribed in subsections A and B of this section [3 months], the proceeds of the sale, regardless of amount, shall be deemed to be in full satisfaction of the obligation and no right to recover a deficiency in any action shall exist.

In support of their contention, the Olsons point to the fact that the second amended complaint was filed 175 days after the trustee's sale. The Olsons concede that the original complaint contained deficiency language but that the language was removed when the first amended complaint was filed and prior to the time that the defendants were required to answer.

The RTC argues that the second amended complaint relates back to the date the

original complaint was filed and that therefore there is no timing problem. The RTC cites to numerous cases which state that under Fed.R.Civ.P. 8, pleadings are to be liberally construed in favor of the pleader and are to be judged by substance rather than form. *See, Ritchie v. United Mine Workers of America*, 410 F.2d 827 (6th Cir.1969); *Mutual Creamery Insurance Company v. Iowa National Mutual Insurance Company*, 427 F.2d 504 (8th Cir. 1970).

While the RTC's general explication of Fed.R.Civ.P. 8 is indisputable, it fails to address what happens when a state statute specifically sets up a statute of repose and when the complaint or amended complaint is not filed within that period. The cases cited to and relied upon by the RTC deal only with statutes of limitation where the rule is clear that a subsequent amendment relates back to the initial filing when the claim alleged in both arises from an identical event, transaction or occurrence. Fed. R.Civ.P. 15(c).

There is no dispute in this case that the second amended complaint and the original complaint both relate to the same event, transaction or occurrence. The dispute arises because the first amended complaint dropped any deficiency language and used only contract language and because it is not a statute of limitations which is in issue, but rather, a statute of repose.

■ Relation back under Rule 15 does not apply when the statute at issue defines substantive rights rather than merely limiting procedural remedies. *Tindol v. Boston Housing Authority*, 396 Mass. 515, 487 N.E.2d 488 (1986). A statute of limitations is procedural in nature while a statute of repose is substantive in that it defines a right rather than merely limits its enforcement.

The Arizona Court of Appeals considered a nearly identical issue in *United Pacific Insurance Co. v. Cottonwood Properties, Inc.*, 156 Ariz. 149, 750 P.2d 907 (Ct.App. 1987). The court held that where the statutory time limitation is part of the substantive right, Rule 15(c) does not apply to relate back an untimely complaint. The *Cottonwood* court decided the specific issue facing this Court:

Does an amended complaint adding a foreclosure count relate back under Ariz. R.Civ.P. 15 [identical to Fed.R.Civ.P. 15] to an original complaint that sets forth the very same facts and allegations, but prays for damages rather than foreclosure, when pleadings filed by the parties—all within the six-month limitations period [time limitation for mechanics liens]—expressly put the validity of the liens in issue?

After formulating this question, the court held that "The answer to the above question is no." The Court then found that the six-month period for foreclosing mechanics liens was a substantive part of the statute, and once the time elapsed, the right of action was extinguished and gone forever. *See also, Diehl Lumber Transp. Inc. v. Mickelson*, 802 P.2d 739 (Utah App.1990) (citing *Cottonwood* and reaching the same result).

Applying *Cottonwood* to the facts of this case, it is clear that the instant action is barred by the 90–day statute of repose for deficiency actions.

■ The RTC also argues that even if a typical plaintiff is barred from bringing this action after 90 days, the RTC as a federal entity is not bound by the three-month requirement of A.R.S. § 33–814(D). However, the federal statute relied upon by the RTC in support of this argument, 12 U.S.C. § 1821(d)(14) and the cases relied upon by the RTC deal only with procedural statutes of limitations and not substantive statutes of repose. Substantive time limits, as opposed to procedural statutes of limitations, are binding on the federal government. *United States v. Hartford Accident and Indemnity Co.*, 460 F.2d 17 (9th Cir.), *cert. denied*, 409 U.S. 979, 93 S.Ct. 308, 34 L.Ed.2d 243 (1972) (stating that a right cannot be created in the federal government to sue under state law without complying with the condition precedent to the accrual of the action).

Additionally, the Tenth Circuit has held on two separate occasions that Oklahoma's

90–day statutory period for filing deficiency actions (a statute which is substantially similar to A.R.S. § 33–814(D)), is binding on federal agencies such as the RTC. *International Paper Co. v. Whitson*, 595 F.2d 559 (10th Cir.1979); *Reconstruction Finance Corp. v. Breeding*, 211 F.2d 385 (10th Cir.1954); *But see, United States v. Merrick Sponsor Corp.*, 421 F.2d 1076 (2d Cir.1970).

■ Accordingly, this Court concludes that the RTC's second amended complaint, which was filed nearly six months after the trustee's sale, does not relate back to the filing of the original complaint and therefore was not timely filed as required by A.R.S. § 33–814(D). Because the RTC's complaint was not timely filed, the proceeds of the sale are "deemed to be in full satisfaction of the obligation" which the Olsons owed to the RTC. The RTC has no right to recover a deficiency under the statute.

For all of the foregoing reasons, IT IS THEREFORE ORDERED:

(1) That the RTC's motion for partial summary judgment is denied; and

(2) That the Olson's cross-motion for summary judgment is hereby granted and the Clerk of the Court shall enter judgment accordingly.