**UNITED STATES of America, Plaintiff,**

v.

**John L. EINUM, Joann F. Einum and Hoof & Paw Clinic, Ltd., Defendants.**

**No. 92–C–381–S.**

United States District Court, W.D. Wisconsin.

Oct. 2, 1992.

Jean–Marie Reilly, Asst. U.S. Atty., Madison, WI, for plaintiff.

Mark Bromley, of Kinney, Urban, Schrader, Bromley, Kussmaul & Soman, Lancaster, WI, for defendants.

### MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff United States of America commenced this mortgage foreclosure action against the defendants John L. Einum, Joann F. Einum and Hoof & Paw Clinic, Ltd. seeking to foreclose the defendants' interest in certain real property which secured a loan made by plaintiff through the Farmers Home Administration. Defendants do not deny any of the allegations contained in the complaint, nor do they contest plaintiff's right to foreclose. Defendants, however, seek to enforce Wisconsin law which would permit them a one-year period of redemption, 846.10(2), Wis.Stat., and the right to insist that the homestead portion of the property be sold separately, 846.11, Wis.Stat.

■ This Court has previously held that the plaintiff is not subject to state redemption periods or exemption laws in the foreclosures of FmHA loans because such foreclosures are governed exclusively by federal law. *See United States v. Weiss,* Case No. 91–C–679–S, 1991 WL 504865. Defendants

now urge the Court to reconsider this holding and find that state law applies.

Defendants rely principally upon the Ninth Circuit decision in *United States v. Ellis*, 714 F.2d 953 (9th Cir.1983). They also call the Court's attention to *United States v. Moliter*, 91–C–308–C (W.D.Wis. April 13, 1992) wherein the Court in dicta opines that state law should apply to an FmHA foreclosure. Because the Court continues to believe that the reasoning and conclusions of the Ninth Circuit in *United States v. Stadium Apartments, Inc.*, 425 F.2d 358 (1970), and the Eighth Circuit in *United States v. Victory Highway Village, Inc.*, 662 F.2d 488 (1981), represent the better rule of law, it reaffirms its previous position.

■ It is undisputed that federal law governs the rights of private citizens who contract in loan transactions with the United States. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 727, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979). However, under certain circumstances state law may be adopted to provide additional content to federal law. Among the factors to be considered in determining whether to apply state law are the need for national uniformity, the extent to which state law may frustrate the objectives of federal programs, and the extent to which application of uniform federal law would disrupt commercial relationships predicated on state law. *Kimbell Foods*, 440 U.S. at 729, 99 S.Ct. at 1459.

Considering these factors the Court finds that adherence to a uniform federal rule which does not provide for a statutory redemption period is the most appropriate rule of law. First, the uniformity achieved by such a rule simplifies the administration of the law and limits the uncertainty inherent in applying numerous differing state laws. *Stadium Apartments, Inc.*, 425 F.2d at 364. Although the Court in *United States v. Ellis* seeks to distinguish a loan advanced by the FmHA from one advanced under the National Housing Act, it suggests no basis to distinguish the two acts when considering the advantages of uniformity.

Second, the absence of a redemption period renders the program less costly to administer making credit available to a larger number of farmers and thereby advancing the intended purpose of the Act to provide more effective credit services to farmers. 7 U.S.C. § 1921. *See United States v. Elverud*, 640 F.Supp. 692, 696 (D.N.D.1986).

Finally, it has not been suggested that the absence of a redemption period for a loan would in any way disrupt commercial relationships. Indeed, the continuing implementation of a uniform federal rule may best serve to create certainty among junior lienholders secured by property which is the subject of an FmHA mortgage.

Accordingly, the Court concludes that state law involving redemption periods and the homestead exemption are inapplicable to a FmHA loan foreclosure.

## ORDER

IT IS ORDERED that defendants' motion for judgment on the pleadings is DENIED.

IT IS FURTHER ORDERED that default judgment hearing shall be held on September 30, 1992, at 8:00 A.M.