897 P.2d 738

### The VALLEY NATIONAL BANK OF ARIZONA, a national banking association, Plaintiff–Appellee,

v.

### Charles E. KOHLHASE and Beverly C. Kohlhase, husband and wife; Allan V. Watson and Virginia D. Watson, husband and wife, Defendants–Appellants.

### Nos. 1 CA–CV 92–0239, 1 CA–CV 93–0277.

Court of Appeals of Arizona, Division 1, Department C.

May 25, 1995.

As Corrected July 12, 1995.

Killian, Nicholas, Fischer, Wirken, Cook & Pew, P.L.C. by Charles W. Wirken, Phoenix, for defendants-appellants.

Jaburg & Wilk, P.C. by Kathi Mann Sandweiss, Michael J. McGivern, Phoenix, for plaintiff-appellee.

## OPINION

McGREGOR, Judge.

In this opinion, we address whether Arizona Revised Statutes Annotated ("A.R.S.") section 33–814 (1990) precludes a creditor's cause of action for deficiency because the creditor (1) elects its remedy by foreclosing on a commercial property secured by a deed of a trust by trustee's sale or (2) initiates an action on a debt before conducting a trustee's sale but fails to file an "action for deficiency" after but within ninety days of completing the trustee's sale. We conclude that the statute permits an action for deficiency in either situation.

### I.

Although the facts surrounding the multiple transactions between the parties to this action are complex, the facts necessary to resolve the issues addressed in this opinion are relatively straightforward.[1] Defendants, individually as guarantors and as general partners in K & W Associates, an Arizona partnership, executed three promissory notes to Valley National Bank (the bank). Deeds of trust on four parcels of commercial property secured the notes. Defendants failed to pay all three notes when the notes matured on January 2, 1990, and the bank filed this multiple-count action to recover the full amount of the notes. While the action was pending, the bank noticed and held a trustee's sale for three of the parcels; the bank purchased the parcels with its credit bids. After the trial court granted summary judgment in the bank's favor, the bank noticed and held a trustee's sale for the remaining parcel. The bank also purchased that parcel with its credit bid. At a subsequent fair market value hearing, the jury valued the parcels at amounts that, except for one parcel, were far less than the bank's credit bids.

The proceedings in the trial court gave rise to two appeals, which we consolidated. We have jurisdiction pursuant to A.R.S. section 12–2101.B (1994).

### II.

Our resolution of the issues considered in this opinion depends upon our interpretation

---

1. We address the remaining factual and legal issues raised in this appeal in a separate memorandum decision issued contemporaneously with this opinion. *See Fenn v. Fenn*, 174 Ariz. 84, 85, 847 P.2d 129, 130 (App.1993).

438

of A.R.S. section 33–814. The standard of review we apply is to

> review issues of law, such as questions involving statutory interpretation, *de novo....* When interpreting a statute, our primary goal is to ascertain and give effect to the legislative intent. We look primarily to the language of the statute and give effect to the terms according to their commonly accepted meanings unless the legislature provides a specific definition or the context of the statute indicates a specific meaning. Further, statutory language controls our interpretation when the language is clear and unequivocal.

*Mercy Healthcare Arizona, Inc. v. Arizona Health Care Cost Containment System,* 181 Ariz. 95, 98, 887 P.2d 625, 628 (App.1994) (citations omitted).

### A.

Defendants first argue that A.R.S. section 33–814, considered in conjunction with A.R.S. section 33–722 (1990), permitted the bank either to foreclose on the security by conducting the trustee's sales or to sue on the notes, but did not permit the bank to do both. We disagree.

■ Defendants' argument relies primarily upon A.R.S. section 33–722, which alters traditional common law and requires a mortgage holder to elect between foreclosing on a property or suing on a debt; the mortgage holder cannot do both. *Mid Kansas Fed. Sav. & Loan Ass'n v. Dynamic Dev. Corp.,* 167 Ariz. 122, 126 n. 2, 804 P.2d 1310, 1314 n. 2 (1991). Section 33–722, however, does not apply to deeds of trust foreclosed by trustee's sale. *Id.* As the Arizona Supreme Court noted in *Mid Kansas,* "there is no analogous [election of remedies] statute within the law applicable to deeds of trust." *Id.*

■ Here, the bank conducted trustee's sales involving commercial property and concurrently brought this action on the underlying notes. The bank's actions involved neither a judicial foreclosure nor a deed of trust related to residential property. The bank therefore was not subject to any election of remedies statute.

### B.

Defendants next argue that A.R.S. section 33–814 permits a creditor to pursue a deficiency judgment only if the creditor files an action solely for deficiency after but within ninety days of the trustee's sale. Section 33–814.A provides that

> *within ninety days after the date of sale* of trust property under a trust deed pursuant to § 33–807, *an action may be maintained to recover a deficiency judgment* against any person directly, indirectly or contingently liable on the contract for which the trust deed was given as security including any guarantor of or surety for the contract and any partner of a trustor or other obligor which is a partnership.

(Emphasis added.) If a creditor fails to maintain an action for a deficiency judgment within the ninety days allowed by section 33–814.A, the proceeds of the trustee's sale are deemed to satisfy the underlying obligation fully. A.R.S. § 33–814.D.

Defendants argue that the word "maintained" must mean "initiated" within the context of A.R.S. section 13–814.A. Because the bank initiated its action on the notes before the trustee's sales and did not specifically amend its complaint to seek a deficiency, defendants conclude that the bank's action does not comply with the statutory requirements.

### 1.

■ The United States District Court for the District of Arizona considered the meaning of the term "maintained" in *Resolution Trust Corp. v. Freeway Land Investors,* 798 F.Supp. 593 (D.Ariz.1992). In that case, the creditor secured a debt by using a deed of trust on a parcel of property. After the debtor defaulted on the debt, the creditor initiated an action on the debt. The creditor subsequently noticed a trustee's sale of the property and purchased the property. Without initiating a separate deficiency action and without amending the complaint to allege a deficiency, the creditor sought to recover for the deficiency remaining after the trustee's sale. The debtor sought summary judgment, arguing that the creditor failed to "maintain"

a deficiency action within ninety days of the trustee's sale as required by A.R.S. section 33–814.A. The court, observing that an action on a debt generally is indistinguishable from an action for deficiency, held that the action on the debt qualified as a deficiency action under A.R.S. section 33–814 even though the creditor filed the action before the trustee's sale and did not amend the complaint to allege a deficiency after the trustee's sale. *Id.* at 596–97. We agree.[2]

Because the legislature did not define the term "maintained," we look to the language of the statute, giving effect to the terms based on their commonly accepted meanings. *See* A.R.S. § 1–213 (1995); *Dynamic,* 167 Ariz. at 128, 804 P.2d at 1316. When the term "maintained" is used to refer to a lawsuit, it "may mean to commence or institute it; the term imports the existence of a cause of action. Maintain, however, is usually applied to actions already brought, but not yet reduced to judgment. In this connection it means to continue or preserve in or with; to carry on." BLACK'S LAW DICTIONARY 953 (6th ed. 1991) (citations omitted). Applying the usual definition, we conclude that the bank's action falls within the time limits established by section 33–814 because the bank continued or preserved its action within ninety days after the trustee's sales.

We believe that our interpretation is consistent with the legislative intent underlying A.R.S. section 33–814. The ninety-day limit is a statute of repose; a creditor must "maintain" a suit within ninety days after a trustee's sale. As defendants recognize, the purpose of the statute of repose is to protect defaulting debtors by giving them prompt notice of a creditor's intent to pursue an action for deficiency. When a creditor initiates an action on a debt *before* the trustee's sale, the debtor receives early notice that the creditor will pursue the debtor if any subsequent trustee's sale results in a deficiency.

Defendants assert, however, that the language in A.R.S. section 13–814.C evidences a contrary legislative intent. We do not find defendants' argument persuasive.

In A.R.S. section 13–814.C, the legislature addressed the liability of persons who are obligated on a debt but who are not trustors. Under that section, a non-trustor who is obligated on a debt may be liable on the entire balance of the debt regardless whether a trustee's sale occurs if the person so agrees. Just as A.R.S. section 33–814.A requires notice to trustors, section 33–814.C requires notice to non-trustors. If a creditor intends to pursue such a person, the creditor must act within ninety days. The legislature did not intend to free trustors from deficiency liability if the creditor filed an action on the debt before the trustee's sale. Rather, the legislature intended to put non-trustor obligees on notice of the deficiency action within ninety days of a trustee's sale. We find this provision entirely consistent with the interpretation we give section 33–814.A.

2.

■ By interpreting "maintained" to apply to actions brought prior to a trustee's sale, we also avoid requiring a creditor to bring a separate, second lawsuit, the net effect of which would be exactly the same as an action initiated before the trustee's sale. We will not interpret statutes to require a vain or useless act. *See Schmitt v. Sapp,* 71 Ariz. 48, 53, 223 P.2d 403, 407 (1950).

We considered a similar issue related to judicial foreclosures in *Faber v. Althoff,* 168 Ariz. 213, 218–19, 812 P.2d 1031, 1036–37 (App.1990). In *Faber,* the creditor secured a judgment against the debtor for the full amount of a debt. The trial court ordered the property sold to satisfy the debt but did not comment on the creditor's right to recov-

---

**2.** Defendants assert that the District Court of Arizona reached a contrary result in an earlier case, *Resolution Trust Corp. v. Olson,* 768 F.Supp. 283 (D.Ariz.1991). In *Olson,* the creditor filed an action after conducting a trustee's sale. The creditor initially alleged a deficiency, then amended its complaint before the debtor filed an answer. The amended complaint did not allege a deficiency. After the A.R.S. section

33–814.D ninety-day statute of repose had passed, the creditor again amended the complaint, this time alleging a deficiency. The court held that the amendment did not date back to the original filing so the deficiency action was filed after the statute of repose had passed. *Id.* at 286. We agree with that holding but do not find it helpful in resolving the specific issue before us.

er for any deficiency. The foreclosure sale resulted in a deficiency, and the creditor filed a second action seeking to recover for the deficiency. The trial court dismissed the action, reasoning that the creditor could not recover for a deficiency because the prior judgment did not contain an express award for the deficiency. This court reversed, holding that the creditor had secured a judgment for the full amount of the debt and that if the foreclosure sale did not satisfy that judgment, the creditor could pursue the debtor for the outstanding balance. *Id.* at 219–20, 812 P.2d at 1037–38.

Because "there is but one judgment" in an action on a debt, a successful plaintiff can enforce that judgment. *See id.* at 218, 812 P.2d at 1036. If a sale of underlying security partially satisfies the debt, the court should reduce the balance owed on the judgment accordingly. *Id.* As the Arizona Supreme Court stated, "[A] deficiency judgment[,] even though it may consist of the whole debt[,] . . . is nothing more than the difference between the security and the debt." *Baker v. Gardner,* 160 Ariz. 98, 104 n. 7, 770 P.2d 766, 772 n. 7 (1988) (quoting *Brown v. Jensen,* 41 Cal.2d 193, 259 P.2d 425, 427 (1953), *cert. denied,* 347 U.S. 905, 74 S.Ct. 430, 98 L.Ed. 1064 (1954)).

Similarly, through this action, the bank can obtain a judgment "for nothing more than the difference between the security and the debt," the same result that the bank could have obtained by bringing a separate action after the trustee's sales. *See id.* Consequently, we will not interpret the statute to require a second lawsuit. *See id.*

### III.

Because the bank maintained its action within the time limitations of A.R.S. section 33–814, we affirm the judgment.

NOYES, Jr., P.J., and GRANT, J., concur.