UNITED STATES of America, Plaintiff,

v.

louis E. REZZONICO and Phyllis
I. Rezzonico, husband and
wife, Defendants.

No. Civ. 97–479–PCT–EHC.

United States District Court,
D. Arizona.

July 6, 1998.

Harriet M. Bernick, Phoenix, AZ, Gerald S. Frank, United States Attorney, Tucson, AZ, for U.S.

John J. Dempsey, Aspey Watkins & Diesel PLLC, Flagstaff, AZ, for Defendants.

## ORDER

CARROLL, District Judge.

Before the Court is a motion for reconsideration filed by the United States, acting on behalf of the Farmer's Home Administration ("FmHA"), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The United States asks the Court to set aside the December 30, 1997 judgment in this case based upon what it contends is legal error in the Court's December 24, 1997 order granting summary judgment for Defendants. For the reasons set forth herein, the Court will grant the motion for reconsideration and vacate its previous order.

### I. Background

This is an action for deficiency judgment brought by the United States to recover the unpaid indebtedness on two promissory notes. After Defendants became delinquent in repaying their FmHA loans, the United States accelerated the debt and sold the property which secured the loans at a trustee sale.[1] The sale brought in $600,000, leaving $774,401.50 in unpaid principal and an additional $161,363.22 in interest due on the loans.[2]

On March 6, 1997, the United States, on behalf of FmHA, filed this deficiency action to recover the remaining unpaid debt. Defendants moved for summary judgment, arguing that the United States' action was barred by Ariz.Rev.Stat. § 33–814, Arizona's

---

1. The loans were secured by deeds of trust on three parcels of real property.

2. As of September 24, 1996, interest owed on the debt reached $444,454.36 and continued to accrue at 9.75% per annum.

anti-deficiency statute, because the action was not brought within ninety days of the date of the trustee sale. The United States argued that the anti-deficiency statute did not apply to its deficiency action.

On the parties' cross-motions for summary judgment, the Court found that the anti-deficiency statute barred as untimely this action. The Court rejected each of the United States' reasons why the statute should not be applied against the Government and held that, by operation of Ariz.Stat.Rev. § 33–814(D), the United States had no right to recover the deficiency.[3] Judgment was subsequently entered by the Clerk of Court on December 30, 1997.

The United States challenges the Court's dismissal of its action. It has filed both a motion for reconsideration and a notice of appeal.[4] In its motion for reconsideration, the United States has put forth several arguments for granting it relief from judgment, the basic thrust of which is that the Court committed errors of law in applying the Arizona anti-deficiency law in this case.

The United States' motion to set aside judgment has been briefed and oral argument on the motion was held on June 15, 1998. After reconsidering the matter, the Court agrees with the Government that judgment for Defendants was erroneous.

## II. Discussion

The Court is asked in this case to reconsider the effect of the Arizona anti-deficiency statute on an action brought to recover a deficiency following non-judicial foreclosure of two FmHA economic emergency loans. The Court's task is complicated by the absence of any guiding precedent from the Ninth Circuit addressing the impact of an anti-deficiency statute on "untimely" deficiency actions brought to recoup the out-

standing balances of FmHA loans after a deed of trust sale.[5]

Arizona's anti-deficiency statute reads as follows:

If no action is maintained for a deficiency judgment within [ninety days of the trustee sale], the proceeds of the sale, regardless of amount, shall be deemed to be in full satisfaction of the obligation and no right to recover a deficiency in any action shall exist.

Ariz.Rev.Stat. § 33–814(D).

The Arizona anti-deficiency statute has been interpreted by the Arizona Court of Appeals and this District Court to be a statute of repose. *Valley National Bank of Arizona v. Kohlhase*, 182 Ariz. 436, 897 P.2d 738 (Ct.App.1995); *Resolution Trust Corp. v. Olson*, 768 F.Supp. 283 (D.Ariz.1991). Statutes of repose limit the time in which a cause of action may be brought. As contrasted with statutes of limitations, which extinguish the right to proceed with an accrued cause of action, statutes of repose extinguish the actual action. In other words, once a statute of repose has expired, a valid cause of action no longer exists. Unlike statutes of limitations, statutes of repose are ordinarily binding on the federal government. *Olson*, 768 F.Supp. at 285 (citing *United States v. Hartford Accident and Indemnity Co.*, 460 F.2d 17 (9th Cir.1972), *cert. denied*, 409 U.S. 979, 93 S.Ct. 308, 34 L.Ed.2d 243 (1972)).

In *Olson*, this Court found that Arizona's anti-deficiency statute barred a deficiency action filed by the Resolution Trust Co. ("RTC") nearly six months after the trustee sale. The Court's previous order relied on the *Olson* decision. Having reconsidered its previous reasoning, the Court finds that *Olson* does not control the outcome of this case.

---

3. Ariz.Rev.Stat. § 33–814(D) extinguishes a creditor's right to bring a deficiency action more than ninety days after the trustee sale: "[T]he proceeds of the sale, regardless of the amount, shall be deemed to be in full satisfaction of the obligation and no right to recover a deficiency in any action shall exist." Ariz.Rev.Stat. § 33–814(D).

4. On June 17, 1998, the Ninth Circuit remanded this case back to the district court for consideration of the United States' motion to set aside judgment.

5. Most of the Ninth Circuit case law addressing anti-deficiency statutes concern Veteran's Administration loans. *See Shepherd v. Derwinski*, 961 F.2d 132 (9th Cir.1992); *Connelly v. Derwinski*, 961 F.2d 129 (9th Cir.1992); *Carter v. Derwinski*, 987 F.2d 611 (9th Cir.1993). Although *United States v. Dos Cabezas Corp.*, 995 F.2d 1486 (9th Cir.1993), did involve deficient FmHA loans, it did not address the effect of state anti-deficiency laws on deficiencies.

Two crucial factors distinguish *Olson* from the present case. First, the loan in *Olson* was a private loan. RTC brought the deficiency action as the conservator for the Sun State Savings and Loan Association. The loan in this case is a federal home loan authorized by the FmHA. Second, RTC is not a federal agency akin to the Department of Agriculture or the Veteran's Administration. Beyond determining Ariz.Rev.Stat. § 33–814(D) to be a statute of repose, the *Olson* decision offers little guidance in resolving the present dispute.

The present case is more analogous to the Ninth Circuit line of cases addressing deficiency actions for VA-guaranteed home loans. Each of these cases concerns the effect of a state anti-deficiency statute on the Government's right to collect on a deficiency judgment following non-judicial foreclosure of a federal loan.

The first of these cases is *Whitehead v. Derwinski*, 904 F.2d 1362 (9th Cir.1990), *overruled by* 987 F.2d 611 (1993). In *Whitehead*, the Court considered whether the Washington anti-deficiency statute, Wash. Rev.Code Ann. §§ 61.24.040, 61.24.100, barred the VA from bringing a deficiency action following nonjudicial foreclosure. Creditors in Washington can either pursue judicial foreclosure and obtain a deficiency judgment against the debtor for the remaining balance due on the loan, or seek non-judicial foreclosure and forego collection of the deficiency. Washington's anti-deficiency statute bars the recovery of a deficiency action following non-judicial foreclosure; the proceeds of the foreclosure sale are deemed to satisfy the debtor's obligation in full. Wash.Rev.Code Ann. § 61.24.100.

The *Whitehead* court held that the Washington statute was consistent with the federal statutory and regulatory scheme, because the Government could have elected to bring a judicial foreclosure proceeding and thereby adequately protect its interests with respect to the deficiency. *Whitehead*, 904 F.2d at 1368–69. Because the Washington anti-deficiency law did not jeopardize federal interests, it was not preempted by federal law.[6]

The next case to be decided by the Ninth Circuit was *Connelly v. Derwinski, supra.* In *Connelly*, the court held that the Oregon anti-deficiency statute, which prohibited a deficiency judgment following both judicial or non-judicial foreclosure, was preempted by federal law. *See* Or.Rev.Stat. § 86.770(2). The material difference between the Oregon and Washington statutes was that Oregon law denied the Secretary of Veterans Affairs any recourse whatsoever against the defaulting veteran beyond foreclosure. Regardless whether the Secretary foreclosed judicially or non-judicially, Oregon law would not allow the Secretary to pursue a deficiency judgment.

The Ninth Circuit held that Oregon's anti-deficiency statute conflicted with the federal regulation's protection of the VA's right to proceed personally against the debtor. The court therefore concluded that federal law preempted application of the Oregon anti-deficiency statute. *Connelly*, 961 F.2d at 132.

Arizona's anti-deficiency statute next came under scrutiny by the Ninth Circuit. In *Shepherd v. Derwinski*, 961 F.2d 132 (9th Cir.1992), the Ninth Circuit affirmed the district court's ruling that Ariz.Rev.Stat. § 33–814, identical to the Oregon statute considered in *Connelly*, was preempted by the federal regulatory scheme, 38 C.F.R. § 36.4323(e), because the Arizona statute eliminated all possibility of recovery against the veteran.

The Ninth Circuit then revisited the issue one final time in *Carter v. Derwinski*, 987 F.2d 611 (9th Cir.1993). The Idaho anti-deficiency law considered in *Carter* barred claims for deficiency judgment unless a fair market value determination was sought within three months of foreclosure. *Carter* was filed more than ninety days following non-judicial foreclosure and without a fair market determination having been sought. Regardless whether the VA sought to foreclose judicially or non-judicially, the Government's rights were seemingly protected under Idaho

---

**6.** The Court concluded that the United States could pursue judicial foreclosure as a means for ensuring full recovery of the debt. *Id.* at 1372.

law so long as the fair value determination was sought in a timely manner.

The Ninth Circuit did not follow its earlier holding in *Whitehead.* Instead, the court overruled *Whitehead,* noting that the *Whitehead* standard forced federal agencies to choose between judicial foreclosure and complying with whatever additional procedural obligations the state may decide to impose on nonjudicial foreclosures. The court rejected this proposition outright:

> [T]he imposition of such an artificially forced choice is inconsistent with federal law, which gives the VA the right to avail itself of *both* remedies.

*Carter,* 987 F.2d at 616.

*Carter* further noted that two other circuits had already rejected the reasoning in *Whitehead.* In *Vail v. Derwinski,* 946 F.2d 589 (8th Cir.1991), the Eighth Circuit held that:

> ... we cannot agree with the *Whitehead* premise that when the state provides dual foreclosure procedures the judicial foreclosure is primary and the non-judicial procedure is secondary. No rationale exists for this conclusion.

*Id.* at 591. *See also United States v. Davis,* 961 F.2d 603 (7th Cir.1992) (declining to follow *Whitehead* ).

*Carter* held that the VA retains an independent right to recover directly from the defaulting veteran any sums which it paid the lender:

> ... the VA always possesses a right of indemnity against the veteran for the amount of guarantee paid to the lender. This is an independent right of indemnity created by federal law, which state courts must honor. *See McKnight v. United States,* 259 F.2d 540, 544 (9th Cir.1958) (indemnity actions by VA 'arise[ ] under the federal law and cannot be impaired by a state statute'); *see also Testa v. Katt,* 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947) (state courts must entertain federal causes of action). Because this federal indemnity right doesn't depend on state foreclosure or deficiency law, preemption analysis is unnecessary. '[T]he VA's right to indemnity derives from a contract independent of the mortgage. As indemnitor the veteran is in the same position as the

guarantor: accordingly ... [the state] law does not impair the VA's right of indemnification and ... there is no need for finding federal preemption.' *Vail,* 946 F.2d at 592. State laws which affect lenders' ability to recapture additional amounts from veterans after foreclosure therefore do not affect the VA's independent right to seek recovery from veterans. Those laws are not preempted by federal law; they are simply irrelevant.

*Carter,* 987 F.2d at 616–17.

■ It is evident that a state's anti-deficiency statute is irrelevant to VA-guaranteed home loans. This is consistent with the basic principle that federal law governs the rights of private citizens who contract in loans transactions with the United States. *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 727, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). There is nothing to suggest that this principle and the analysis undertaken in *Carter* would not also apply to other federal loan programs. *See United States v. Einum,* 821 F.Supp. 1283, 1284 (W.D.Wis.1992) (FmHA loans).

■ The central dispute in this case is not whether Ariz.Rev.Stat. § 33–814 is a statute of repose binding on the United States, but whether the Government's right to collect its deficiency action is created by federal law. This Court erred in applying the anti-deficiency statute before considering whether the Secretary of Agriculture's right to bring a deficiency action arose under federal law.

Upon further review of applicable statutes and regulations, the Court concludes that federal law creates a scheme by which the United States may bring a deficiency action to collect the outstanding balance due on FmHA economic emergency loans following non-judicial foreclosure. *See* 7 U.S.C. § 1981(b) (Secretary may "collect all claims and obligations administered by the Farmers Home Administration and, if in his judgment necessary and advisable, pursue the same to final collection in any court having jurisdiction"); 7 C.F.R. § 1955.15(b)(2).

Contrary to the Court's prior ruling, Congress intended to provide a statutory and regulatory scheme for recovering all moneys

given to borrowers under the FmHA economic emergency loan program.[7] Regardless of the method used to recover the proceeds from a defaulting borrower in the FmHA loan program, the Secretary possesses an independent right of indemnity against the borrower for the full amount of the loan. This is a right which is independent from the mortgage or the deed of trust. *Carter*, 987 F.2d at 617 (citing *Vail*, 946 F.2d at 592). It is a right created by federal law which cannot be impaired by state laws. *Id.* The Secretary is not required to comply with state deficiency procedures in order to recapture additional amounts after foreclosure.

### III. Motion to Set Aside Judgment

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party can obtain relief from judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; or (6) or any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b).

A motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983). *See Refrigeration Sales Co. v. Mitchell–Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill.1983). Arguments that the court was in error on the issues it considered should generally be directed to the Court of Appeals. *See Refrigeration Sales Co.*, 605 F.Supp. at 7.

However, if the court has made an apparent error of law and the party moving for reconsideration brings that error to the court's attention within a reasonable period of time, the district court has the power under Rule 60(b)(1) to grant relief from that error. *Liberty Mutual Insurance Company v. Equal Employment Opportunity Commission*, 691 F.2d 438, 440 (9th Cir.1982). *See also Gila River Ranch v. United States*, 368 F.2d 354, 357 n. 7 (9th Cir.1966).

Here, the United States has demonstrated in its motion to set aside judgment that the Court made an error of law in its December 24, 1997 order. Based on the foregoing analysis, summary judgment should have been entered in favor of the United States and against the Rezzonicos. The motion to set aside judgment is therefore well-taken.

Accordingly,

**IT IS ORDERED** granting Plaintiff's motion to set aside judgment. (dkt.24).

**IT IS FURTHER ORDERED** setting aside the December 30, 1997 judgment and vacating the December 24, 1997 order.

**IT IS FURTHER ORDERED** granting summary judgment in favor of Plaintiff and against Defendants. The Clerk of Court shall enter judgment for Plaintiff and Defendants take nothing.

**IT IS FURTHER ORDERED** denying Defendants' motion for attorneys' fees and costs. (dkt.20).

---

7. Defendants rely largely on 42 U.S.C. § 1475(B), which the Court also cited in its prior order, for the proposition that the Secretary follows state foreclosure procedures when those procedures are more favorable to the borrower than those that would ordinarily be followed by the Secretary. As the United States points out in its reply to its motion to set aside judgment, this statute applies only to certain Rural Housing loans, not to economic emergency loans. This statute is inapplicable in this case.