# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3983

_____

Melikian Enterprises, LLLP, Creditor

*Appellant*

v.

Steven D. McCormick; Karen A. McCormick, Debtors

*Appellee*s

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: November 15, 2016
Filed: July 11, 2017

_____

Before BENTON and SHEPHERD, Circuit Judges, and STRAND,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

Debtor-appellees Steven and Karen McCormick signed a promissory note in favor of creditor-appellant Melikian Enterprises, LLLP. After the McCormicks defaulted on their payments and sought bankruptcy relief, Melikian filed a proof of

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation.

claim in the bankruptcy proceeding seeking to recover a deficiency judgment. The bankruptcy court sustained the McCormicks' objection to this proof of claim, and the district court[2] affirmed. We see no error and likewise affirm.

## I. Background

In January of 2006, Centennial Commercial Complex, LLC ("Centennial")—a company in which the McCormicks held an ownership interest—purchased from Melikian several parcels of property located in Arizona. Centennial executed a promissory note in favor of Melikian in the principal amount of $6,475,000, and the McCormicks signed this note as guarantors. The promissory note was secured by a deed of trust covering the real property purchased from Melikian.

Centennial defaulted on the note at some point late in 2011. On August 2, 2012, Melikian filed a complaint in Arizona state court against Centennial and the McCormicks to recover the balance owed under the promissory note or, alternatively, to recover the deficiency remaining after a trustee's sale. On August 29, the McCormicks filed a petition for relief under Chapter 11 of the Bankruptcy Code, listing an unsecured debt to Melikian owing under the promissory note. A trustee's sale under Arizona law was held on October 9, 2012, at which Melikian purchased the properties on credit bids totaling $444,000. Melikian never perfected service on Centennial or the McCormicks in the state court action. As a result, the Arizona court dismissed the deficiency suit on January 30, 2013.

Melikian filed a proof of claim with the bankruptcy court for an unsecured debt in the amount of $6,428,599 pursuant to the McCormicks' guarantee. The McCormicks filed an objection to this proof of claim on the basis that it neglected to

---

[2]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

reflect the market value of the real property securing the debt, and the court scheduled a hearing on the matter for December 17, 2013. The court confirmed the McCormick's Chapter 11 plan in September of 2013, and the case was closed as fully administered on November 14, 2013. The following day, however, the case was reopened on a motion from a different creditor.

For a number of reasons, the McCormicks requested and were granted three continuances of the December hearing.[3] Ultimately, on March 5, 2014, they moved for summary judgment on their objection to Melikian's proof of claim, arguing that Arizona law barred Melikian's claim because Melikian had failed to maintain a deficiency action within 90 days of the trustee's sale. The bankruptcy court heard argument on this motion on April 15, 2014, and granted the motion in favor of the McCormicks.

Ruling from the bench, the bankruptcy court offered the following analysis. Consistent with Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 549 U.S. 443, 450 (2007), the court noted that Melikian's entitlement to a deficiency against the debtors was to be determined by state law. Arizona Revised Statute section 33-814(D) declares,

> If no action is maintained for a deficiency judgment within the time period prescribed in subsections A and B of this section, the proceeds of the sale, regardless of amount, shall be deemed to be in full satisfaction of the obligation and no right to recover a deficiency in any action shall exist.

Under subsection (A), the court noted, Melikian had to commence its deficiency action within 90 days of the trustee's sale. But, the court continued, because

---

[3]The first continuance was requested because Melikian had not responded to the McCormicks' discovery requests. The second resulted from the parties' apparent settlement negotiations. And the third was an uncontested request because a suitable courtroom was not available.

Melikian had already filed the state court suit against the McCormicks, it needed only to pursue that action. As noted above, that suit was dismissed for failure to obtain proper service.

Continuing its analysis, the court addressed Melikian's preemption arguments. The court first ruled that Arizona law was not preempted by 11 U.S.C. §§ 501-02—the sections of the Bankruptcy Code that determine whether a particular claim is "allowed"—because it is state, rather than federal, law that creates the right to a claim. The court then accepted Melikian's second argument, ruling that section 33-814 was preempted by 11 U.S.C. §§ 362 and 108. According to the court, § 362(a)(1)—the automatic stay provision—prevented Melikian from perfecting service on the McCormicks within the 90-day period allowed by section 33-814(A), so the state law was impliedly preempted by § 362. Further, the court ruled that section 33-814(A) was expressly preempted by 11 U.S.C. § 108(c), under which the time period for Melikian's potential deficiency action did not expire until the later of (1) 90 days after the trustee's sale or (2) 30 days after the expiration of the automatic stay. Returning to § 362(c), the court determined that the stay expired on November 14, 2013, when the case was declared closed. Thus, the court observed that Melikian's right to file a claim did not expire until the later of January 7, 2013, under § 108(c)(1), or December 16, 2013, under § 108(c)(2). With the exception of the dismissed state court suit, Melikian took no action against the McCormicks prior to December 16 other than filing the disputed proof of claim. And, because the state suit was dismissed, the court concluded that Melikian's claim was disallowed.

Melikian sought review of that decision by the United States District Court for the District of North Dakota. Sitting as an appellate court, the district court affirmed the bankruptcy court's decision, applying the same analysis. Melikian then brought the present appeal.

## II. Discussion

At issue on appeal is whether Melikian's proof of claim against the McCormicks is allowed. "As the second reviewing court in a bankruptcy case, we apply the same standard of review as the district court." In re Apex Oil Co., 406 F.3d 538, 541 (8th Cir. 2005). Thus, the bankruptcy court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error. Id.

On appeal, Melikian raises four primary issues. First, it contends that the Bankruptcy Code broadly preempts Arizona law such that Melikian was not required to comply with section 33-814 to preserve its claim for a deficiency. Second, it argues that its 2012 state court suit was sufficient to satisfy section 33-814. Third, it argues that the bankruptcy court's exclusive jurisdiction obviated the need for a separate state court deficiency action. Finally, it asserts that the limitations period in section 33-814 never lapsed. We address arguments one and four together, and then we take up the remaining arguments.

## A. Whether Melikian's Proof of Claim Is Allowed

Melikian argues that the Bankruptcy Code—specifically 11 U.S.C. §§ 362 and 502—impliedly preempts Arizona law. Preemption may "be implied, for example, when federal and state laws directly conflict, when state law stands as an obstacle to accomplishing the purposes of federal law, or when federal law is so pervasive that it reflects an intent to occupy a regulatory field." Symens v. SmithKline Beecham Corp., 152 F.3d 1050, 1053 (8th Cir. 1998). "[W]ithout clear congressional intent there is a general presumption against finding implied preemption." Mo. Bd. of Exam'rs for Hearing Instrument Specialists v. Hearing Help Express, Inc., 447 F.3d 1033, 1035 (8th Cir. 2006). Thus, the question before us is whether §§ 362 and 502 can coexist with Arizona Revised Statute section 33-814.

With regard to § 502, Melikian asserts that the mandatory language—"the court, after notice and a hearing, *shall* determine the amount of such claim," 11 U.S.C. § 502(b) (emphasis added)—precludes the need to comply with the time limits on a suit for a deficiency judgment under section 33-814. We disagree. "When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim—*i.e.*, a document providing proof of a 'right to payment,' 11 U.S.C. § 101(5)(A)—against the debtor's estate." Travelers, 549 U.S. at 449. Such a proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection is lodged, the bankruptcy court must determine the dollar amount of the claim after a hearing, and the claim will be allowed unless it "is unenforceable against the debtor and property of the debtor . . . under any . . . applicable law." Id. § 502(b)(1). "Section 502(b)(1) . . . is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." Travelers, 549 U.S. at 450. "[C]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Id. (internal quotation marks omitted). Thus, bankruptcy courts must "consult state law in determining the validity of most claims" because "the basic federal rule in bankruptcy is that state law governs the substance of claims." Id. (internal quotation marks omitted).

Under Arizona state law, deficiency actions are governed by section 33-814 of the Arizona Revised Statutes. "[W]ithin ninety days after the date of [a trustee's sale], an action may be maintained to recover a deficiency judgment against any person directly, indirectly or contingently liable on the contract for which the trust deed was given as security . . . ." Ariz. Rev. Stat. § 33-814(A). "If no action is maintained for a deficiency judgment within the time period prescribed in subsection[] A . . . , the proceeds of the sale, regardless of amount, shall be deemed to be in full satisfaction of the obligation and no right to recover a deficiency in any action shall exist." Id. § 33-814(D). This provision "has been interpreted by Arizona

-6-

courts to be a statute of repose." In re Wright, 486 B.R. 491, 504 (Bankr. D. Ariz. 2012) (citing Valley Nat'l Bank of Ariz. v. Kohlhase, 897 P.2d 738, 741 (Ariz. Ct. App. 1995)).

Given the presumption against a finding of implied preemption and the Travelers determination that, where applicable, state law plays a vital role in determining the validity of a claim, we hold that § 502 does not preempt Arizona Revised Statute section 33-814. After the McCormicks sought bankruptcy relief, Melikian was entitled to, and did, file a proof of claim in the proceeding. Faced with the McCormicks' objection to this proof of claim, the bankruptcy court's duty under § 502(b)(1) was to consult applicable law to determine whether the claim was enforceable. The applicable law in determining the validity of Melikian's deficiency claim is section 33-814. So, the bankruptcy court appropriately considered the effect of section 33-814 on Melikian's deficiency claim. To be sure, Congress did state that "the [bankruptcy] court . . . shall determine the amount of such claim," 11 U.S.C. § 502, but the amount of such a claim shall be determined by "consult[ing] state law," Travelers, 549 U.S. at 450.

Next, Melikian contends that the automatic stay provision, 11 U.S.C. § 362(a)(1), impliedly preempts section 33-814 because the stay made it impossible to comply with the state law 90-day time limit. We find it unnecessary to address this argument because, even assuming that Melikian is correct, the outcome remains unchanged. This is so because the facts of this case directly implicate 11 U.S.C. § 108(c), which states as follows:

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362 . . . of this title, as the case may be, with respect to such claim.

As stated, the "applicable nonbankruptcy law" here is section 33-814. In the words of § 108, section 33-814 sets a 90-day time limit for "commencing or continuing a civil action" in Arizona state court, and that 90-day period had not expired before the McCormicks filed their Chapter 11 petition. As a result, § 108 extended the expiration of the 90-day limit to the later of the events detailed in subsections (c)(1) and (c)(2).

Under subsection (c)(1), "the end of such period" expired on January 7, 2013, which was 90 days after the trustee's sale occurred. To determine the deadline for commencing or continuing a civil action in accordance with Arizona law under subsection (c)(2), however, we must look to § 362 to determine whether the stay terminated. "[T]he stay of any other act under subsection (a) of this section continues until . . . the time the case is closed." 11 U.S.C. § 362(c)(2)(A). Given that the McCormicks' case was closed on November 14, 2013, the bankruptcy court correctly observed that December 16, 2013 was the operative deadline under § 108(c)(2). Thus, because December 16, 2013 is later than January 7, 2013, the bankruptcy court properly concluded that the time period for Melikian to seek a deficiency judgment under Arizona Revised Statute section 33-814 lapsed on December 16.[4]

---

[4]As may be evident, the reason why Melikian's argument that § 362 preempts section 33-814 is of no consequence to this case is that our decision rests on § 108(c)(2), an entirely different federal provision. The state law is relevant only to determine the requirements necessary to recover a deficiency judgment in the first place—a topic on which Chapter 11 is silent. Congress left it to each state to determine these requirements, and we will not thwart a state's valid laws at the behest of a creditor who failed to satisfy them.

Melikian attempts to avoid this outcome by asserting that the fact that the case was reopened the following day on a motion from a different creditor somehow voids the original closing. We disagree. "The act of reopening a closed bankruptcy case is typically ministerial . . . ." In re Apex Oil Co., 406 F.3d at 543. It "is a ministerial act that . . . , by itself, lacks independent legal significance." In re Menk, 241 B.R. 896, 913 (B.A.P. 9th Cir. 1999). The closing of the case, by contrast, terminated the automatic stay under § 362(c)(2)(A). See ICC v. Holmes Transp., Inc., 931 F.2d 984, 987 (1st Cir. 1991) ("The automatic stay is activated immediately on the filing of a voluntary chapter 11 petition . . . and remains in effect . . . until the entry of an order under Bankruptcy Code § 362(c)(2) . . . closing or dismissing the chapter 11 case . . . ."); In re Menk, 241 B.R. at 914 ("[T]o the extent that the automatic stay expired in conjunction with closing, it does not automatically spring back into effect . . . after a case is reopened . . . .").

## B. Melikian's Remaining Arguments

Melikian makes two additional arguments. First, it asserts that the 2012 state court suit was sufficient to satisfy section 33-814. Next, it argues that the bankruptcy court's exclusive jurisdiction obviated the need for a separate state court deficiency action.

Melikian sued the McCormicks in Arizona state court on August 2, 2012, to recover the balance owed on the principal, interest, and recoverable costs or, alternatively, to recover the deficiency remaining after a trustee's sale. According to Melikian, this suit satisfied section 33-814 because "[u]nder Arizona law, an action initiated to collect on a debt prior to a trustee's sale is treated as being properly maintained post-foreclosure for purposes of [section] 33-814, without the need to file a new 'deficiency action' within 90 days after the sale." Appellant's Br. 19. Further, Melikian asserts that "[i]f Debtors had not subsequently filed their petition, Melikian

-9-

would not have had to do anything further under state law to preserve its right to a deficiency judgment." Id.

A case cited by Melikian in support of its position—Kohlhase—disposes of this argument. In Kohlhase, the court adopted an Arizona district court's holding that an "action on the debt qualified as a deficiency action under A.R.S. section 33-814 even though the creditor filed the action before the trustee's sale and did not amend the complaint to allege a deficiency after the trustee's sale." 897 P.2d at 741 (citing Resolution Trust Co. v. Freeway Land Investors, 798 F. Supp. 593, 596-97 (D. Ariz. 1992)). To meet the statutory language, the court continued, such an action must be "maintained" within the statutory time period. Id. (internal quotation marks omitted). In the context of a pre-existing lawsuit, the court found that the word "maintained" "means to continue or preserve . . . [or] to carry on." Id. (internal quotation marks omitted). Thus, because the creditor in that case "continued or preserved its action within ninety days after the trustee's sales," the court concluded that the pre-sale action satisfied section 33-814. Id. Here, by contrast, Melikian's action was dismissed because Melikian never completed service on the debtors. We conclude that because Melikian's state court action was dismissed shortly after the trustee's sale for failure to perfect service on the defendants, it was not "maintained" within the meaning of Kohlhase.

Finally, Melikian contends that the bankruptcy court acquired exclusive jurisdiction over all matters in this case from the moment the McCormicks filed their petition. Indeed, "[f]ederal district courts, and their bankruptcy courts by delegation, have exclusive jurisdiction 'of all cases under title 11.'" In re Skyline Woods Country Club, 636 F.3d 467, 471 (8th Cir. 2011) (quoting 28 U.S.C. § 1334(a)). But Melikian fails to recognize that the Bankruptcy Code and the Supreme Court have directed bankruptcy courts to determine whether a particular claim is allowed in any

given proceeding by referencing "applicable law," which includes state law.[5]  11 U.S.C. § 502(b)(1); <u>Travelers</u>, 549 U.S. at 450.  This is so because "when the Bankruptcy Code uses the word 'claim' . . . it is usually referring to a right to payment recognized under state law." <u>Travelers</u>, 549 U.S. at 451.  Thus, regardless of the bankruptcy court's exclusive jurisdiction, Melikian is not entitled to the deficiency judgment it seeks because it failed to meet the requirements of Arizona Revised Statute section 33-814.

## III. Conclusion

For the reasons stated above, we affirm the decision of the bankruptcy court.

_____

---

[5]Because this body of law directs bankruptcy courts to consult state law in deciding whether certain claims are allowed, Melikian's due process argument—in which it asserts that it had no notice that it needed to bring a state law action to recover the deficiency—likewise fails.