NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LREP ARIZONA LLC, a Texas limited
liability company,

            Plaintiff-Appellee,

    v.

597 BROADWAY REALTY LP, a New
Jersey limited partnership; et al.,

            Defendants-Appellants.

No.    20-15589
       20-16021

D.C. No. 2:16-cv-04015-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted May 5, 2021**
Portland, Oregon

Before:  W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.

    Appellants 597 Broadway Realty LP, Shui Yee Lee, and Sabeth Siddique

("Guarantors") appeal the summary enforcement of a settlement agreement and the

dismissal of their counterclaim for fraud against Appellee LREP Arizona LLC

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("LREP"). We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

We review the district court's enforcement of a settlement agreement for abuse of discretion. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). A court "has no discretion to enforce a settlement where material facts are in dispute." *Id.* We review dismissal of counterclaims de novo. *King County v. Rasmussen*, 299 F.3d 1077, 1088 (9th Cir. 2002). Our review of denial of leave to amend is for abuse of discretion. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1114 (9th Cir. 2014).

We review de novo a district court's interpretation of state law. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003). Under Arizona law, "[c]onstruction and enforcement of settlement agreements, including determinations as to the validity and scope of release terms, are governed by general contract principles." *Emmons v. Superior Ct.*, 968 P.2d 582, 585 (Ariz. Ct. App. 1998).

Because the parties are familiar with the facts, we do not recite them here.

1. Guarantors may not escape enforcement of the Forbearance and Consent Agreement ("Agreement"), which amounted to a settlement agreement. Even if LREP fraudulently induced Guarantors into signing the guaranties, Guarantors should have been aware of any such fraud when they executed the Agreement that affirmed their obligations under those guaranties: at that point, they knew the

2

property securing the loan had been drastically overvalued; that LREP was not seeking recourse on G Companies' default; and that the loan carried high interest. *See Mackey v. Philzona Petroleum Co.*, 378 P.2d 906, 908-09 (Ariz. 1963) (in banc). Although LREP never disclosed Blandini's financial stake, this fact is insufficient to prove LREP's fraudulent inducement with respect to either the guaranties or the Agreement. Blandini's interest did not materially increase the risk of the loan, *see In re Guardianship of Pacheco*, 199 P.3d 676, 682 (Ariz. Ct. App. 2008), nor was it a fact basic to either contract, *see S. Dev. Co. v. Pima Cap. Mgmt. Co.*, 31 P.3d 123, 128 (Ariz. Ct. App. 2001). Guarantors pleaded no other facts alleging LREP's fraudulent inducement into the Agreement specifically, as separate from the guaranties. Accordingly, any potential injuries Guarantors had suffered were not "unknown" when they signed the Agreement and thus did not survive the Agreement's waiver—and the Agreement is not otherwise voidable. *Dansby v. Buck*, 373 P.2d 1, 8 (Ariz. 1962).

2. Guarantors alternatively argue that Arizona's law requiring actions to recover a deficiency judgment to be filed within 90 days of the trust property's sale is a statute of repose. Ariz. Rev. Stat. § 33-814(A), (D). Accordingly, they assert, LREP's substantive right to recover a deficiency was extinguished 90 days after the foreclosure sale—well before it filed its Complaint.

Arizona courts have not decided whether § 33-814(D) is a statute of

3

limitations or a statute of repose, nor whether its limitations period may be expressly waived. But we predict the Arizona Supreme Court would hold that § 33-814(D) is a statute of limitations. *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986) (stating that in a diversity case where "the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it"). The Arizona Supreme Court has explained that statutes of limitations "begin to run after an injury occurs and is . . . discovered," but that statutes of repose set a time limit "regardless of when the cause of action may accrue." *Albano v. Shea Homes Ltd. P'ship*, 254 P.3d 360, 366 (Ariz. 2011) (en banc) (quoting *Evans Withycombe, Inc. v. W. Innovations, Inc.*, 159 P.3d 547, 550 (Ariz. Ct. App. 2006)). The 90-day limit prescribed in § 33-814(D) begins to run after the trust property's sale—the point at which a creditor discovers his injury if the sale results in a deficiency and thus when his cause of action accrues.

Even if § 33-814(D) were a statute of repose, we predict the Arizona Supreme Court would hold that it may be expressly waived in this situation. Arizona courts look to a statute's purpose to determine whether statutory protections may be expressly waived. *See CSA 13-101 Loop, LLC v. Loop 101, LLC*, 341 P.3d 452, 455 (Ariz. 2014) (considering Arizona's policy of "protecting [debtors] against artificially increased deficiency judgments" in holding that § 33-

4

814(A)'s fair market value provision could not be prospectively waived). The "purpose" of § 33-814(D) "is to protect defaulting debtors by giving them prompt notice of a creditor's intent to pursue an action for deficiency." *Valley Nat'l Bank of Ariz. v. Kohlhase*, 897 P.2d 738, 741 (Ariz. Ct. App. 1995). That purpose is met when, as here, parties enter a settlement agreement days after a foreclosure sale in which a creditor states his intent to file a deficiency action upon breach. We thus conclude that Guarantors' waiver of § 33-814(D) is enforceable.

Finally, even if the district court abused its discretion by denying leave to amend Guarantors' counterclaim without first considering whether it could be saved by amendment, *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016), any error was harmless. From the face of the proposed amended counterclaim, it is clear amendment would have been futile because the amended counterclaim would not have sufficiently alleged fraud. *See id*.

**AFFIRMED.**[1]

---

[1] Because we affirm, we do not consider Guarantors' argument that the award of attorney's fees should be revisited if they prevail on appeal. Guarantors' motion to take judicial notice, Docket No. 42, is GRANTED.