Starr Pass Resort Devs., LLC v CR EF3 SP A Participation, LLC (2022 NY Slip Op 02767)

Starr Pass Resort Devs., LLC v CR EF3 SP A Participation, LLC

2022 NY Slip Op 02767

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. 151891/20 Appeal No. 15789 Case No. 2021-03348 

[*1]Starr Pass Resort Developments, LLC, et al., Plaintiffs-Appellants,
v
CR EF3 SP A Participation, LLC, Defendant-Respondent, 3800 WSPB Buyer, LLC, Defendant.

Nesenoff & Miltenberg LLP, New York (Amy J. Zamir of counsel), for appellants.
Ballard Spahr, LLP, New York (Marjorie J. Peerce of counsel), and Ballard Spahr, LLP, Phoenix, AZ (Brian Schulman of the bar of the State of Arizona, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered June 28, 2021, which, to the extent appealed from as limited by the briefs, granted defendant CREF3 SP A Participation, LLC's motion to dismiss the amended complaint as against it, unanimously modified, on the law, solely to declare that defendant has the right to recover any deficiency that might exist after the entry of the Arizona judgment on the debt and the subsequent foreclosure sales, and, as so modified, affirmed, without costs.
The motion court correctly determined that the Arizona judgment, which was affirmed by the Arizona Court of Appeals, covered the amounts that would have been sought in an action for a deficiency judgment (see Citibank [Arizona] v Bhandhusavee, 188 Ariz 434, 437-438, 937 Pd 356, 359-360 [Ariz Ct App 1996], citing Valley Natl. Bank v Kohlhase, 182 Ariz 436, 439, 897 P2d 738, 741 [Ariz Ct App 1995]). The entry of the Arizona judgment occurred before the non-judicial foreclosure sales of the loan collateral, the real property located in Arizona. Because the Arizona judgment already determined the full amounts owed, RRAPL 1371 does not apply. Further, the validity of a sister-state's judgment, especially one affirmed on appeal, cannot be undermined by this Court (see Abu Dhabi Commercial Bank PJSC v Saad Trading, Contr. & Fin. Servs. Co., 117 AD3d 609, 612 [1st Dept 2014]).
Because the declaratory action was resolved on the merits, the proper course was not to dismiss the complaint but to declare in favor of defendant (Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
We have considered plaintiffs' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022