**Casimiro DOMINGUEZ, Appellant,**

v.

**Cruz MORENO, et al., Appellees.**

**No. 6976.**

Court of Civil Appeals of Texas, El Paso.

June 3, 1981.

Sam J. Dwyer, El Paso, for appellant.

Tom B. Newman, Jr., El Paso, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

In this trespass to try title case, the Court granted the Defendants' Motion For Summary Judgment. We affirm.

Referring to the parties as they appeared in the trial Court, Appellant as Plaintiff brought this trespass to try title action against the Defendants/Appellees seeking a declaratory judgment that he was the owner of .143 acres of land out of Tract 12–0, Block 46, Ysleta Grant, El Paso County, Texas. Defendants answered with a plea of "not guilty" and a further plea of twenty-five year statute of limitations. Defendants then filed the motion for summary judgment and attached thereto certified copies of deeds showing the chain of title from common source, together with an affidavit of Defendants' immediate predecessors in title as to possession by them and their predecessors in title for a period in excess of twenty-five years. We do not reach the question of title by limitations as we are of the opinion that the judgment of the trial Court is correct because Defend-ants' summary judgment proof established a record title.

Under the plea of "not guilty," a defendant may by his pleadings set up his own right and claim to the land, and by appropriate allegations seek an affirmative recovery against a plaintiff. *Egery v. Power*, 5 Tex. 501 (1851); *Bradford v. Hamilton*, 7 Tex. 55 (1851); *De La Vega v. League*, 64 Tex. 205 (1885); *Schmidt v. Talbert*, 74 Tex. 451, 12 S.W. 284 (1889); *Short v. Hepburn*, 89 Tex. 622, 35 S.W. 1056 (1896). A plea of not guilty would require plaintiff to make his case based on his own title, but the case before us is one in which the Defendants, by their motion for summary judgment, seek affirmatively to establish their title. To be entitled to a summary judgment, defendant, as movant, has the burden of establishing that there exist no material fact issues, and that he is entitled to judgment as a matter of law. *Mitchell v. Baker Hotel of Dallas, Inc.*, 528 S.W.2d 577 (Tex. 1975); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). By their summary judgment proof, Defendants set out an unbroken chain of title of record to them from the common source. Plaintiff claims under his father, Jesus Dominguez, and, in opposition to the motion for summary judgment, he attaches a partial deed from the common source to his father. This instrument appears to be a portion of a warranty deed in that blanks are filled in in longhand on a warranty deed printed form. It contains no signature, no date, and supplies nothing more than the granting clause and a description of the land. It is not, in fact, a deed and it is not the type of evidence which would be admissible upon the trial of the merits. *See: Town North National Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978). As an attachment to the answer in opposition to the motion for summary judgment, it creates no fact question as to Defendants' record title.

The judgment of the trial Court is affirmed.