**TRUNKHILL CAPITAL, INC., d/b/a Equitable Solutions, Appellant,**

v.

**David G. JANSMA and Randolph H. Wieser, Appellees.**

No. 10–95–003–CV.

Court of Appeals of Texas, Waco.

Aug. 31, 1995.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Section 51.003(a) of the Texas Property Code provides that, if real property is sold at a foreclosure sale for a price less than the unpaid balance of the indebtedness securing it, "any action brought to recover the deficiency must be brought within two years of the foreclosure sale and is governed by this section." TEX.PROP.CODE ANN. § 51.003(a) (Vernon 1995). The primary question presented in this appeal is whether section 51.003(a) is a statute of repose or a statute of limitations. We hold that it is a statute of limitations.

## FACTUAL BACKGROUND

On July 3, 1985, David Jansma and Randolph Wieser executed a promissory note in the amount of $178,125 in favor of United Bank of Waco. The note was secured by a 1.214–acre tract of land. The Federal Deposit Insurance Corporation (FDIC) took control of United Bank when it failed.

On November 5, 1991, the FDIC foreclosed on the collateral, but the proceeds from its sale did not satisfy the balance owed on the note. Trunkhill Capital, Inc., doing business as Equitable Solutions, purchased the note from the FDIC and filed suit on August 17, 1994, against Jansma and Wieser to recover the deficiency on the note.

The parties do not dispute these basic facts. Their disagreement arises over the application of section 51.003(a) and section 1821(d)(14). *See id.;* Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), Pub.L. No. 101–73, § 212(d)(14), 103 Stat. 183, 232–33 (1989) (codified at 12 U.S.C.A. § 1821(d)(14) (West 1989 & Supp. 1995)).[1]

Billy D. Hullum, Fort Worth, for appellant.

J. David Dickson, Sheehy, Lovelace, & Mayfield, P.C., Waco, for appellees.

---

1. Section 1821(d)(14) (statute of limitations for actions brought by conservator or receiver) provides:

 (A) In general
 Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation [FDIC] as conservator or receiver shall be—
 (i) in the case of any contract claim, the longer of—

Trunkhill argued in its motion for a summary judgment that it timely established its right to collect the deficiency because it was entitled to the six-year statute of limitations in section 1821(d)(14)(A)(i)(I). Jansma and Wieser argued in their motion that, regardless of section 1821(d)(14), section 51.003(a) is a statute of repose, which places a substantive limitation on Trunkhill's right to recover. The court granted the motion filed by Jansma and Wieser and denied Trunkhill's.

Trunkhill complains on appeal that the court erred in granting Jansma and Wieser's motion based on the two-year time period in section 51.003(a). It further contends that the court should have granted its motion based on the six-year statute of limitations in section 1821(d)(14).

Jansma and Wieser concede that Trunkhill, as an assignee of the FDIC, is entitled to whatever extension of time to file suit on the deficiency that section 1821(d)(14) provides. *See Jackson v. Thweatt,* 883 S.W.2d 171, 174 (Tex.1994) (holding that a successor in interest of the FDIC is entitled to the benefits of section 1821(d)(14) under the common-law maxim that an assignee stands in the shoes of his assignor). They argue, however, that section 1821(d)(14) does not extend the time for filing suit here because section 51.003(a) is not a statute of limitations, but a statute of *repose.* Thus, they insist, Congress' extension of the statute of limitations to six years, which is procedural, cannot and does not affect the substantive two-year statute of repose in section 51.003(a). They also contend that *Jackson* is distinguishable because section 51.003(a) was enacted after *Jackson* was decided and the facts here involve a foreclosure, while *Jackson* concerned a suit on a note.

(I) the 6–year period beginning on the date the claim accrues; or
(II) the period applicable under state law[.]
(B) Determination of the date on which a claim accrues
For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of—
(i) the date of the appointment of the Corporation as conservator or receiver; or

## STANDARD OF REVIEW

A party is entitled to a summary judgment if there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). We will review the summary judgment under the well-established rules set forth in *Nixon v. Mr. Property Management.*[2]

## *JACKSON V. THWEATT*

The Texas Supreme Court noted in *Jackson:*

> One of FIRREA's purposes was to 'provide funds from public and private sources to deal expeditiously with failed depository institutions.' [citation omitted] If the FDIC's statute of limitations did not enure to the benefit of its transferees, the market value of notes and other assets in the hands of the FDIC would be diminished, hindering this statutory purpose.

*Jackson,* 883 S.W.2d at 174. The Court held that an assignee is entitled to receive the full rights of the assignor and that section 1821(d)(14) thus extends to purchasers from the FDIC. *Id.*

Although section 51.003(a) had not been enacted when the Court decided *Jackson,* that fact does not render the reasoning of *Jackson* invalid. The policy reasons that persuaded the Court to extend protection to the FDIC's assignees in *Jackson* apply in this situation as well.

Furthermore, that *Jackson* involved a suit on a note and this is a suit for a deficiency is of no consequence. Section 1821(d)(14) expressly states that it applies to "any action" brought by the FDIC. 12 U.S.C.A. § 1821(d)(14)(A). Thus, it applies to all actions that could have been brought by the FDIC and not just to an action on a note. The FDIC possessed the right to recover on

(ii) the date on which the cause of action accrues.
12 U.S.C.A. § 1821(d)(14) (West 1989 & Supp. 1995).

**2.** On appeal, evidence favorable to the non-movant is taken as true; all reasonable inferences are indulged in favor of the non-movant, and any doubts are likewise resolved in his favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985).

the deficiency, as it had acquired all rights that United Bank possessed. *See Jackson,* 883 S.W.2d at 174. Because the FDIC could have sued Jansma and Wieser for the deficiency, Trunkhill, as assignee of the FDIC note, is likewise entitled to whatever benefits section 1821(d)(14) may provide. *Id.*

## SECTION 51.003(a)—A STATUTE OF LIMITATIONS OR REPOSE?

■ Jansma and Wieser contend that section 51.003(a) is a statute of repose and that, because Trunkhill failed to sue for the deficiency within two years after the foreclosure, it no longer possessed that cause of action under state law. Because Trunkhill did not possess a cause of action, they argue, the six-year statute of limitations in section 1821(d)(14) is irrelevant and cannot revive Trunkhill's lost cause of action. Jansma and Wieser rely upon *Resolution Trust Corp. v. Olson,* 768 F.Supp. 283, 285 (D.Ariz.1991) (holding that an Arizona statute requiring a suit on a deficiency to be filed not later than three months following foreclosure was a statute of repose, not of limitation). The *Olson* opinion, which labeled the Arizona statute as one of repose, fails to provide any reasoned analysis to reach that conclusion. Furthermore, we do not know the legislative intent or purpose behind the Arizona statute.

Section 51.003(a) provides:

> If the price at which real property is sold at a foreclosure sale under Section 51.002 [Sale of Real Property Under Contract Lien] is less than the unpaid balance of the indebtedness secured by the real property, resulting in a deficiency, any action brought to recover the deficiency must be brought within two years of the foreclosure sale and is governed by this section.

TEX.PROP.CODE ANN. § 51.003(a).

Jansma and Wieser contend that the language of section 51.003(a) is substantially similar to that found in other Texas statutes of repose—*i.e.,* the plaintiff "must bring suit ... not later than ten years after the substantial completion of the improvement," citing sections 16.008 and 16.009 of the Texas Civil Practice and Remedies Code in support of their interpretation of section 51.003(a) as

a statute of repose. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.008, 16.009 (Vernon 1986). This argument is unpersuasive, however, as section 16.007 [Return of Execution] contains the same language, yet is included with other statutes of limitation in section 16.061 (Rights Not Barred). *See id.* §§ 16.007, 16.061 (Vernon Supp.1995); *Monsanto v. Cornerstones Mun. Utility,* 865 S.W.2d 937, 940–41 (Tex.1993) (holding that the statute exempting the state from the defense of limitations is not applicable to political subdivisions). Section 16.061, while including section 16.007, does not exempt the state from the statutes of repose found in sections 16.008 and 16.009. TEX.CIV.PRAC. & REM.CODE ANN. § 16.061.

The Texas Supreme Court has recently reviewed the purposes and applications of statutes of limitation and statutes of repose. *See Trinity River Auth. v. URS Consultants,* 889 S.W.2d 259 (Tex.1994). The Court noted that statutes of repose differ from traditional statutes of limitation because they potentially cut off a right of action before it accrues. *Id.* at 263. This can occur because a statute of repose begins to run from a specified date without regard to the accrual of a cause of action. *Id.* at 261. The purpose of so doing is to protect certain actors—architects, engineers, and contractors—from the threat of claims arising many years after completion of a building or project. *Id.; see also* TEX.CIV. PRAC. & REM.CODE ANN. §§ 16.008, 16.009.

■ The effect of a statute of repose is that a party cannot possess, and never did possess, a cause of action if it *did not arise* within a given time period, regardless of the party's diligence after discovering the defect or problem; thus, a statute of repose has been said to be a substantive definition of rights. *Trinity River Auth.,* 889 S.W.2d at 261.

■ On the other hand, a statute of limitations is a procedural limitation of one's rights. *Id.* It is intended to compel a party who *possesses* a right of action to exercise that right within a reasonable time after it accrues. *Id.* at 263. A statute of limitations runs not from a specified independent date, but from the date the cause of action accrues.

*Id.* at 261. Inherent in the definition or application of a statute of limitations is the fact that a party *has* a cause of action; that is, facts have come into existence that authorize him to seek a judicial remedy. *Celtic Life Ins. Co. v. Coats,* 885 S.W.2d 96, 100 (Tex.1994).

From the date that section 51.003(a) requires the two-year period to begin, *i.e.,* the date of foreclosure, a creditor possesses all facts that authorize him to seek a judicial remedy. *Id.; Thompson v. Chrysler First Bus. Credit,* 840 S.W.2d 25, 28 (Tex.App.—Dallas 1992, no writ). The creditor's cause of action for any deficiency exists on the date of foreclosure. Because he possesses a cause of action at that time for the deficient amount, and the beginning of the running of the statute is tied to that date, the legislature could have only intended that the two-year period in section 51.003(a) operate as a statute of limitations. *See Celtic Life Ins. Co.,* 885 S.W.2d at 100.

 Relying on *Franco v. Allstate Insurance Company,* 505 S.W.2d 789, 792 (Tex. 1974), Jansma and Wieser next argue that the legislature's inclusion of a time limit in section 51.003(a) created a substantive requirement for filing suit. This argument is flawed. *Franco* involved a wrongful-death suit. *Id.* A cause of action for wrongful death did not exist at common law, but is entirely a creature of statute. *Travelers Indem. Co. of Ill. v. Fuller,* 892 S.W.2d 848, 853 (Tex.1995). With statutorily-created actions, time limits are not procedural statutes of limitation, but are substantive qualifications and conditions restricting the right to bring wrongful-death actions. *Franco,* 505 S.W.2d at 792.

However, section 51.003(a) does not *create* the right to bring an action for a deficiency; it merely regulates a right that apparently existed at common law. *Langever v. Miller,* 124 Tex. 80, 76 S.W.2d 1025, 1027 (1934) (noting that statutes regulating judgments

upon foreclosure date back to 1848). Section 51.003(a) merely places a procedural limitation on a traditional common-law right of action. *Id.* Therefore, contrary to Jansma's and Wieser's contention, there can be no presumption that, by including a time limitation on bringing a deficiency action, the legislature intended to create a statute of repose. *See id.; Franco,* 505 S.W.2d at 792.

 Moreover, statutes of repose are designed to protect certain classes of persons, such as architects, engineers, and contractors, from claims that are virtually indefensible after the passage of time. *Trinity River Auth.,* 889 S.W.2d at 264. The Supreme Court noted that defending against allegations of negligent structural design many years after the completion of a building would present substantial evidentiary problems, such as faded memories, as well as increased possibilities of third-party neglect, abuse, poor maintenance, mishandling, improper modification, or unskilled repair. *Id.* A debtor defending against a suit for deficiency more than two years after foreclosure would not be presented with such evidentiary problems.

None of the policy reasons behind statutes of repose are germane to a suit to recover a deficiency following foreclosure. The only logical meaning of the two-year period in section 51.003(a) is that the legislature intended that a creditor, once learning that the sale of the pledged collateral did not satisfy the entire debt, must sue for the deficiency within two years. In fact, the legislative history of the bill that enacted section 51.003(a) supports that legislative intent.[3]

We hold that section 51.003(a) is a statute of limitations, not a statute of repose. Because Trunkhill is an assignee of the FDIC, the six-year statute of limitations in section 1821(d)(14) governs this action. *See Jackson,* 883 S.W.2d at 174. As a result, the court erred in impliedly holding that section

---

3. "[O]ne of the things that the bill does is to put a two-year statute of limitations (Rev. 123) on lenders in being able to go against borrowers for the deficiency instead of the existing law of four years." Hearing on Tex. H.B. 169 before House Financial Institutions Subcommittee, 72nd Leg., (Feb. 11, 18, 1991) pg. 10 (available from the Committee on House Administration for electronic recordings of the House Committee and floor proceedings). "[W]hether or not the lender is going to sue for the deficiency hangs over the head of the borrower for a long period of time, and that's the reason we agreed upon the two-year statute of limitations." *Id.* at pg. 15.

51.003(a) is a statute of repose and that Trunkhill's suit was barred by its two-year period. Points one and two are sustained, and the summary judgment in favor of Jansma and Wieser is reversed.

## TRUNKHILL'S MOTION FOR SUMMARY JUDGMENT

 Generally, a party may appeal from an order granting a motion for summary judgment, but not from an order denying one. *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980). However, if both parties move for a summary judgment, and one motion is granted and one denied, then the appellate court can render judgment for the party whose motion should have been granted. *Id.* Therefore, we now consider Trunkhill's final point of error, which asserts that the court erred when it denied its motion for a summary judgment. Because there are competing motions for summary judgment, we will look at all relevant evidence in reaching our decision. *See River Oaks Shopping Center v. Pagan,* 712 S.W.2d 190, 193 (Tex.App.— Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Trunkhill moved for a summary judgment on the ground that there was no material fact question regarding its action for a liquidated money demand based on a promissory note. Jansma and Wieser responded to the motion, asserting that Trunkhill's summary-judgment evidence did not conclusively establish that it owned the note or the amount due. Further, they complain that the evidence fails to establish the date that the FDIC was appointed receiver of United Bank. This date is significant because the six-year statute of limitations could have been triggered at that time. *See* 12 U.S.C.A. § 1821(d)(14)(B)(i).

Although Jansma and Wieser asserted that Trunkhill did not establish its ownership of the note, their motion for summary judgment contains the following allegations of fact:

### I.

The Federal Deposit Insurance Corporation ("FDIC"), holder of a note executed by [Jansma and Wieser], conducted a fore-closure sale on the property which was security on the note on November 5, 1991.

### II.

The foreclosure sale proceeds were less than the outstanding balance on the note.

### III.

FDIC later sold said note to [Trunkhill]. The foregoing matters are judicially admitted and, thus, conclusively established. *See Houston First American Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex.1983). Accordingly, Jansma and Wieser cannot complain of Trunkhill's failure to prove such matters, as their judicial admissions relieved Trunkhill of that burden. *Id.* Likewise, they attached a certified copy of the substitute trustee's deed to the affidavit of their attorney, thereby proving up all matters contained in the deed, including the original amount of the note and the amount received at the foreclosure sale. The deed's contents are thus established as a matter of law by judicial admission. *Id.*

 However, as to the date the FDIC took over United Bank, the remaining balance on the note, or other damages recoverable, we agree with Jansma and Wieser. Trunkhill attached two letters and one affidavit in support of its motion for summary judgment. The letters, which detail the amounts owed, are not attached and incorporated into an affidavit, and the facts in the letters are not otherwise contained in an affidavit. The letters attached to the motion are not in a form admissible at trial and, therefore, are not summary-judgment evidence. *See* TEX.R.CIV.P. 166a(c); *Dominguez v. Moreno,* 618 S.W.2d 125, 126 (Tex. Civ.App.—El Paso 1981, no writ).

 The only "evidence" attached to Trunkhill's motion is the affidavit of its vice president, Chuck F. Chick, in which he states that:

[H]e has read the above and foregoing Motion for Summary Judgment in favor of Trunkhill Capital Inc., dba Equitable Solutions and against DAVID G. JANSMA and RANDOLPH H. WIESER and is within the personal knowledge of Affiant, just and

true, that the balance on the Promissory Note is due and unpaid, and that all just and lawful offsets, payments and credits have been allowed.

Chick's statement regarding the balance and credits is a conclusion, not evidence. Conclusions, unsupported by facts, cannot provide a basis for a summary judgment. *Hidalgo v. Surety Savings and Loan Association*, 487 S.W.2d 702, 703 (Tex.1972). Furthermore, he attempts in the affidavit to adopt statements of fact set forth in the motion, such as the amount owed on the note, the fact of the note's ownership, as well as relevant dates. However, to constitute summary-judgment evidence, an affidavit itself must set forth the facts such that perjury is assignable. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Therefore, Chick's "verification" of the motion presents no summary-judgment evidence. *See id.*

Because the evidence is insufficient to establish Trunkhill's right to a judgment as a matter of law, the court did not err in denying its motion. *See* TEX.R.CIV.P. 166a(c). Point three is overruled.

We reverse the portion of the judgment that grants a summary judgment in favor of Jansma and Wieser; we affirm the portion of the judgment that denies Trunkhill's motion for summary judgment; and we remand the entire cause for further proceedings in accordance with this opinion.