In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-472 CV


____________________



DONALD L. MCMANUS, Appellant



V.



SEARS, ROEBUCK AND CO., Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 01-07-04566-CV






MEMORANDUM OPINION (1)


 Donald L. McManus appeals the judgment of the trial court granting summary
judgment to Sears, Roebuck & Company ("Sears") for $6,317.54 plus $2,200 in attorneys'
fees, while granting a take-nothing judgment on McManus's counterclaims against Sears. 
Sears sued McManus to collect on credit card debt allegedly owed by McManus. Three
issues are raised on appeal: 1) McManus contends there exists a factual dispute as to
whether the credit card in question was issued by Sears, Roebuck & Company or Sears
National Bank; 2) the trial court erred in granting summary judgment dismissing
McManus's counterclaim for usury; and 3) the trial court erred in dismissing McManus's
claims for violations by Sears of the Texas Deceptive Trade Practices Act. For the reasons
stated below, we affirm. 

 In its petition, Sears alleged it was the current holder of a credit card account issued
by Sears National Bank to McManus and that the balance due on the account was
$6,317.54, which McManus refused to pay despite demand that he do so. Sears sought
recovery for the amount due, 10% post-judgment interest, and reasonable and customary
attorney's fees. In his responsive pleading, McManus asserted, inter alia, that he had not
entered into any agreements with Sears National Bank, and raised as affirmative defenses
and counterclaims usury and violations by Sears of the Texas Deceptive Trade Practices
Act. Sears moved for regular summary judgment on its claims and McManus's
counterclaims, and alternatively sought a "no-evidence" summary judgment on McManus's
counterclaims. Tex. R. Civ. P. 166a(c), (i). 

Summary Judgment

 In reviewing the trial court's granting of summary judgment, we follow the well-established rule: 1) the movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a matter of law;
2) in deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true; and 3) every
reasonable inference must be indulged in favor of the non-movant and any doubts resolved
in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985). Plaintiff, as movant, must conclusively prove all essential elements of its claim. 
Howard v. INA County Mut. Ins. Co., 933 S.W.2d 212, 216 (Tex. App.--Dallas 1996, writ
denied). 

Issue One

 In a suit on sworn account, the status of the plaintiff, whether a bank or a merchant,
may be significant in whether that remedy is available. 

 In a suit on account, plaintiff is required to prove: 1) the sale and delivery of
merchandise or performance of services; 2) that the amount of the account is "just," that
is, the prices charged are pursuant to an express agreement, or in the absence of an
agreement, that the charges are usual, customary, or reasonable; and 3) that the
outstanding amounts remain unpaid. Powers v. Adams, 2 S.W.3d 496, 499 (Tex. App.--Houston [14th Dist.] 1999, no pet.); Tex. R. Civ. P. 185. In its brief, Sears argues that
it has met the requirements of a suit on sworn account as set forth in Tex. R. Civ. P. 185. 

 Although not raised in the briefs, we note that several Texas courts of appeals have
held that Rule 185 is not applicable to unpaid debt arising from the use of a credit card
issued by a bank. This is because such a credit card evidences only a line of credit
extended by the bank by which the card holder may use to purchase goods and services
from a third party, and not the purchase itself. See Bird v. First Deposit Nat. Bank, 994
S.W.2d 280, 282 (Tex. App.--El Paso 1999, pet. denied). (2) Sears alleged that it performed
and rendered personal services "in the form of financial, accounting, billing, and retail-
purchase facilitating services. . . ." "Retail purchasing facilitating services" is no more
than the extension of a line of credit. The billing and accounting were not done for
McManus's benefit, but rather to keep track of how much McManus owed Sears. 
Although no allegation was made that McManus purchased goods or services from Sears,
in its Motion for Summary Judgment Sears alleged that, while McManus entered into an
agreement with Sears National Bank, he purchased goods and services from Sears, who
subsequently became the assignee of the rights of Sears National Bank. As summary
judgment evidence, Sears submitted McManus's Responses to Requests for Admissions,
in which he admitted that Sears, Roebuck & Co. was the proper party plaintiff, and that
the credit card issued to him was issued by Sears, Roebuck & Co. McManus did not deny
under oath in his pleadings or in his response to the motion for summary judgment that he
purchased goods and services from Sears in the amount of $6,317.54, as alleged in the
petition and the motion for summary judgment, or that said amount remained unpaid. 
Thus, we have a suit involving the seller of the goods and services, Sears, against the
purchaser of the goods and services, McManus, to recover the amount owing on the
account, the amount due and non-payment being undisputed. Whether the credit card was
issued by Sears National Bank or Sears is not a material fact, i.e., a fact that will affect
the outcome of the suit under the governing law. See West Trinity Properties v. Chase
Manhattan, 92 S.W.3d 866, 869 (Tex. App.--Texarkana 2002, no pet.). There is,
therefore, no genuine issue of material fact; all elements of a suit on account have been
met; and Sears is entitled to judgment as a matter of law on the suit for account. Issue one
is overruled. 

Issue Two

 In his second issue, McManus contends that the trial court erred in granting
summary judgment dismissing his counterclaim for usury. The required elements to
establish that a transaction is usurious are: 1) a loan of money; 2) an absolute obligation
to repay the principal; and 3) the exaction of a greater compensation than allowed by law
for the use of the money by the borrower. First Bank v. Tony's Tortilla Factory, Inc., 877
S.W.2d 285, 287 (Tex. 1994). 

 In response to Sears's no-evidence motion for summary judgment regarding his
usury claim, McManus submitted, inter alia, his own affidavit and Exhibit C, described
in the response to the motion as "a statistical summary of the advances and interest rates
charged by Sears, Roebuck and Co." Sears objected to these offerings, contending that
they were conclusory and hearsay. 

 The affidavit of an interested party is competent summary judgment evidence if the
testimony set forth therein is: 1) clear, positive and direct; 2) otherwise credible and free
from contradictions and inconsistencies; and 3) susceptible to being readily controverted. 
Maldonado v. Frio Hosp. Ass'n, 25 S.W.3d 274, 277 (Tex. App.--San Antonio 2000, no
pet.). McManus's affidavit stated that he "was told" and "understood" that the credit card
was issued by Sears. However, the affidavit states neither the identity of the person who
told him nor the factual basis for his understanding, and, as such, is neither clear, positive
and direct, nor susceptible of being readily controverted. Id. Further, such evidence is
hearsay, inadmissible over objection as summary judgment evidence. Querner Truck
Lines, Inc. v. Alta Verde Industries, Inc., 747 S.W.2d 464, 467-68 (Tex. App.--San
Antonio 1988, no writ). In addition, McManus's statements that he agreed that the interest
rate charged exceeded 24% are mere conclusions, unsupported by facts, and do not
constitute competent summary judgment evidence. Trunkhill Capital, Inc. v. Jansma, 905
S.W.2d 464, 470 (Tex. App.--Waco 1995, writ denied). An affidavit must not contain
information that is merely a unilateral and subjective determination of the facts. Querner,
747 S.W.2d at 468. 

 Regarding Exhibit C, other than the description set forth in the response to the
motion for summary judgment, no explanation was presented to the trial court as to the
who, what, where or why of these calculations. Such information submitted in a form not
admissible at trial does not constitute competent summary judgment evidence. Trunkhill
Capital, 905 S.W.2d at 469. Issue two is overruled. 

Issue Three

 In his third issue, McManus contends he produced sufficient summary judgment
evidence to preclude dismissal of his claims made under the Texas Deceptive Trade
Practices Act. He contends that his summary judgment evidence established a genuine
issue of material fact as to whether Sears engaged in false, misleading, or deceptive acts
or practices by: 1) passing off goods or services as those of another; 2) causing confusion
or misunderstanding as to the source, sponsorship, approval, or certification of goods or
services; or 3) causing confusion or misunderstanding as to affiliation, connection, or
association with, or certification by, another. See Tex. Bus. & Com. Code Ann. §§
17.46(b)(1), (2) and (3) (Vernon 2002). A no-evidence summary judgment is reviewed
on appeal under the same legal sufficiency standard as a directed verdict. The evidence
is viewed in the light most favorable to the non-movant, disregarding all contrary evidence
and inferences. The no-evidence summary judgment will be sustained if: 1) there is a
complete absence of a vital fact; 2) we are barred by rules of law or evidence from giving
weight to the only evidence offered to prove a vital fact; 3) the evidence offered is no more
than a mere scintilla; or 4) the evidence offered conclusively establishes the opposite of a
vital fact. If the proffered summary judgment evidence is so weak as to create no more
than a mere surmise or suspicion of a vital fact, less than a scintilla of evidence exists
because such evidence lacks probative force, and in legal effect, is no evidence at all. 
Boales v. Brighton Builders, Inc., 29 S.W.3d 159, 164 (Tex. App.--Houston [14th Dist.]
2000, pet. denied). 

 As we stated above, McManus's summary judgment evidence regarding his alleged
confusion over which Sears entity issued him the credit card was merely conclusory,
without factual support. The statements in his affidavit were merely his "unilateral and
subjective determination of the facts . . .," not competent summary judgment evidence. 
Querner Truck Lines, Inc. v. Alta Verde Industries, Inc., 747 S.W.2d at 468. There was
certainly less than a scintilla of evidence. We also note that actual damages are required
to state a cause of action under the Texas Deceptive Trade Practices Act. Tex. Bus. &
Com. Code Ann. § 17.50(a) (Vernon 2002); Gulf States Utilities Co. v. Low, 79 S.W.3d
561, 567 (Tex. 2002). Even if we accept as true McManus's bare allegations that his
confusion was caused by the acts of Sears, there were no allegations as to why or how this
would result in his being entitled to damages, or eliminate or reduce the undisputed amount
of his credit card debt to Sears. This issue is overruled and the judgment of the trial court
is affirmed. 

 AFFIRMED.


 ______________________________

 STEVE MCKEITHEN

 Chief Justice 



Submitted on August 15, 2003

Opinion Delivered August 28, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. See also Young v. American Exp. Co., 2001 Tex. App. LEXIS 7217 at **2 and
3 (Tex. App.--Texarkana 2001, no pet. h.) (not designated for publication); Dunham v.
Providian Nat. Bank, 2002 Tex. App. LEXIS 1021 at ** 2 and 3 (Tex. App.--Houston
[14th Dist.] 2002, no pet. h.) (not designated for publication).