**Petition for Writ of Mandamus Conditionally Granted and Majority and Dissenting Opinions filed January 2, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00681-CV

---

## IN RE PLATINUM ENERGY SOLUTIONS, INC., Relator

---

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS
### 234th District Court
### Harris County, Texas
### Trial Court Cause No. 2012-30972

---

## MAJORITY OPINION

Relator Platinum Energy Solutions, Inc. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. Platinum asks this Court to compel the Honorable Wesley Ward, presiding judge of the 234th District Court of Harris County, to vacate his July 15, 2013 order denying Platinum's motion for protective order and October 21, 2013 order granting the real parties in interest's motion to compel in the

underlying shareholder derivative shareholder suit. We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Platinum is a Nevada corporation and an oil field services provider specializing in premium hydraulic fracturing, coiled tubing, and other pressure-pumping services. The real parties in interest are minority shareholders of Platinum.[1] They filed a shareholder derivative suit against nominal defendant Platinum and its current or former officers and directors on May 25, 2012.[2] The minority shareholders alleged claims based on self-dealing, conflicts of interest, excessive compensation, and waste.

Platinum's board of directors formed a Special Litigation Committee on June 5, 2012 to investigate the minority shareholders' suit and determine the appropriate response. Platinum also adopted a charter to govern the committee.

The committee presented its findings to Platinum's board of directors in December 2012. The committee found no evidence of breach of fiduciary duties or corporate waste; it recommended that Platinum refrain from pursuing the minority shareholders' claims. The committee report concluded, in part:

> The low probability of success combined with Platinum's current financial challenges would provide little, if any, gain. Additionally, the SLC is concerned that pursuing any claims would expose the

[1] Real parties in interest are Starstream Capital, LLC, Robert E. Chamberlain, Jr., Martha Derrick, Marvel K. Mann, and John Dinn Mann.

[2] The officer/director defendants are L. Charles Moncla, Jr., J. Clarke Legler, II, Jose E. Feliciano, Colin Leonard, Richard L. Crandall, William Restrepo, Mervin Dunn, Daniel T. Layton, Layton Corporation, Clearlake Capital Partners, LLC, and Clearlake Capital Partners II (Master), L.P.

Company to additional claims, counterclaims, or liabilities. The significant disruptions to business activity, mounting litigation costs, the current natural gas market, and other mitigating circumstances warrant no further legal action on Platinum's behalf.

The committee also recommended that Platinum move to dismiss the derivative action.

Platinum filed a motion to dismiss the derivative action on February 15, 2013. The minority shareholders subsequently served a request asking Platinum to produce 45 categories of documents in connection with the Special Litigation Committee's investigation. Platinum objected on grounds that the requested production (1) exceeds the permissible scope of discovery; and (2) is overbroad and unduly burdensome. Platinum also filed a motion for protective order. After a hearing on July 1, 2013, the trial court signed the July 15 order denying Platinum's motion for protective order. On October 21, 2013, the trial court signed a separate order that overruled Platinum's objections to the document requests and compelled production by November 11, 2013 of documents responsive to 43 of the 45 categories.[3] Platinum then filed a motion in this court to stay the October 21 order, which we granted on October 30, 2013.

Platinum argues in this mandamus proceeding that the trial court abused its discretion insofar as the permitted discovery goes beyond the following limited subjects: (1) the committee's independence and disinterestedness; (2) whether the committee's review was undertaken in good faith; and (3) the reasonableness of the committee's procedures used to investigate the minority shareholders' claims.

---

[3] The minority shareholders voluntarily withdrew requests Nos. 5 and 6.

## II. STANDARD OF REVIEW

Mandamus is appropriate when then relator demonstrates that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

### III. THIS MANDAMUS PROCEEDING IS NOT PREMATURE

The minority shareholders contend that Platinum's request for mandamus relief is premature because the trial court has not yet ruled on Platinum's objections that the requests are overbroad and burdensome. We disagree. A review of Platinum's motion for protective order shows that Platinum initially objected to the 45 categories of requested documents as being overbroad and unduly burdensome; Platinum also argued that the categories exceeded the scope of permissible discovery. The order denying Platinum's motion for protective order states the motion "is hereby denied in its entirety." After Platinum filed this petition, the trial court signed its October 21 order overruling Platinum's objections that the 43 categories still at issue are overbroad and burdensome. Therefore, we reject the minority shareholders' contention that the trial court did not rule on all of Platinum's objections.

### IV. ANALYSIS

In the trial court and in this mandamus proceeding, the parties dispute whether Texas or Delaware law governs the scope of permissible discovery in connection with a motion to dismiss a derivative action against Platinum. Resolution of this issue turns on two provisions contained in Chapter 21 of the Texas Business Organizations Code.

When construing a statute, the primary objective is to give effect to the Legislature's intent. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). "We presume the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind." *Id.* We construe statutes by first looking to the statutory language for the

Legislature's intent, and only if we cannot discern legislative intent in the language of the statute itself do we resort to canons of construction or other aids such as which statute is more specific." *Id.* at 639.

Subchapter L of Chapter 21 governs derivative actions in Texas. *See* Tex. Bus. Orgs. Code Ann. §§ 21.551–.563 (Vernon 2012). Chapter 21 establishes a mechanism by which a corporation may move to dismiss a derivative action filed against it:

> (a) A court shall dismiss a derivative proceeding on a motion by the corporation if the person or group of persons described by Section 21.554 determines in good faith, after conducting a reasonable inquiry and based on factors the person or group considers appropriate under the circumstances, that continuation of the derivative proceeding is not in the best interests of the corporation.

Tex. Bus. Orgs. Code Ann. § 21.558(a). In turn, section 21.554 provides for independent and disinterested persons, who may be directors of the corporation, to determine "how to proceed on allegations made in a demand or petition." Tex. Bus. Orgs. Code Ann. § 21.554.

Discovery in connection with a section 21.558 motion to dismiss is governed by section 21.556, which provides as follows:

> (a) If a **domestic or foreign** corporation proposes to dismiss a derivative proceeding under Section 21.558, discovery by a shareholder after the filing of the derivative proceeding in accordance with this subchapter shall be limited to:
>
> > (1) facts relating to whether the person or group of persons described by Section 21.558 is independent and disinterested;

(2) the good faith of the inquiry and review by person or group; and

(3) the reasonableness of the procedures followed by the person or group in conducting the review.

(b) Discovery described by Subsection (a) may not be expanded to include a fact or substantive matter regarding the act, omission, or other matter that is the subject matter of the derivative proceeding. The scope of discovery may be expanded if the court determines after notice and a hearing that a good faith review of the allegations for purposes of Section 21.558 has not been made by an independent and disinterested person or group in accordance with that section.

Tex. Bus. Orgs. Code Ann. § 21.556 (emphasis added). The purpose behind section 21.556's limitation on discovery is to (1) focus on the manner in which the committee performed its obligations; and (2) avoid delving into the merits of the shareholders' claims unless a determination first has been made that a good faith review was not conducted. *See* Tex. Bus. Orgs. Code Ann. § 21.556(b).

Platinum contends that section 21.556 applies to it as a Nevada corporation and limits the scope of permissible discovery in connection with its motion to dismiss the derivative action.

The minority shareholders rely instead on section 21.562, entitled "Application to Foreign Corporations," which provides as follows:

(a) In a derivative proceeding brought in the right of a *foreign* corporation, the matters covered by this subchapter are governed by the laws of the jurisdiction of incorporation of the foreign corporation, except for Sections 21.555, 21.560, and 21.561, which are procedural provisions and do not relate to the internal affairs of the corporation.

(b) In the case of matters relating to a ***foreign*** corporation under Section 21.554, a reference to a person or group of persons described by that section refers to a person or group entitle under the laws of the jurisdiction of incorporation of the foreign corporation to review and dispose of a derivative proceeding. The standard of review of a decision made by the person or group to dismiss the derivative proceeding shall be governed by the laws of the jurisdiction of incorporation of the foreign corporation.

Tex. Bus. Orgs. Code Ann. § 21.562 (emphasis added). The excluded provisions referenced in subsection (a) do not pertain to discovery; section 21.55 addresses a stay of proceedings, section 21.562 addresses discontinuance or settlement, and section 21.561 addresses payment of expenses. *See* Tex. Bus. Orgs. Code Ann. §§ 21.555 (stay of proceeding), 21.560 (discontinuance or settlement), 21.561 (payment of expenses).

It is undisputed that Nevada, the state of Platinum's incorporation, looks to Delaware law in connection with derivative lawsuits. *See Moradi v. Adelson*, No. 2:11-CV-00490, 2012 WL 3687576, at *2 n.1 (D. Nev. Aug. 27, 2012) ("Nevada courts follow Delaware law when addressing shareholder-derivative lawsuits."). Therefore, the minority shareholders contend that section 21.562 mandates the application of Delaware law in determining the scope of permissible discovery in connection with Platinum's motion to dismiss the minority shareholders' derivative claim.

Tension exists between sections 21.566 and 21.562; the former section applies Chapter 21's discovery limits to "domestic or foreign" corporations, while the latter section omits Chapter 21's discovery limits from the list of statutory provisions applicable to foreign corporations in this context. Commentators have

noted this tension.  *See* Todd A. Murray & Lyndon F. Bittle, *Emerging Issues Raised by Derivative Shareholder Actions Involving Foreign Corporations Headquartered in Texas: Making Sense of the Interaction between Texas Procedures and Substantive Law*, 39 Tex. Tech. L. Rev. 1, 26–27 (2006) ( "level of uncertainty" exists because section 21.556 refers to "a domestic or foreign corporation" seeking to dismiss a derivative proceeding, while section 21.562 refers to application of laws to "foreign corporations").

The minority shareholders argue that section 21.556 does not apply here because section 21.562(a) does not include section 21.556 in the list of provisions applicable to a foreign corporation.  This argument reflects the maxim that the expression of one implies the exclusion of another, known as *expressio unius est exclusio alterius*.  *Mid-Century Ins. Co. of Tex. v. Kidd*, 997 S.W.2d 265, 274 (Tex. 1999).  However, "[t]he doctrine of *expressio unius est exclusio alterius* is simply an aid to determine legislative intent, not an absolute rule.  As a rule of reason and logic, it should not be mechanically applied to compel an unreasonable interpretation." *Id.*

Platinum asserts that section 21.556 should control over section 21.562 because section 21.556 is the more specific statute.  This argument dovetails with section 311.026 of Texas Government Code, which addresses circumstances in which general and specific statutes are in conflict:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision

> prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

Tex. Gov't Code Ann. § 311.026 (Vernon 2013). Section 311.026(b) applies only if the general provision and special provision irreconcilably conflict with each other. *Tracfone Wireless, Inc. v. Comm'n on State Emergency Commc'ns*, 397 S.W.3d 173, 181 (Tex. 2013); *Sowell v. Int'l Interests, LP*, No. 14-12-00105-CV, — S.W.3d — 2013 WL 4604708, at *6 (Tex. App.—Aug. 29, 2013, pet. filed).

We conclude that sections 21.556 and 21.562(a) are in conflict. We further conclude that sections 21.556 and 21.562(a) cannot be read so that effect is given to both in this particular context involving the scope of permissible discovery in connection with a motion to dismiss a derivative action. *See* Tex. Gov't Code Ann. § 311.026(a) (conflicting provisions "shall be construed, if possible, so that effect is given to both").

Section 21.556's discovery limitation expressly applies to domestic and foreign corporations in a proceeding to dismiss a shareholder derivative action. Section 21.562(a) states that foreign corporations are subject only to Chapter 21's provisions addressing a stay of the derivative proceeding, discontinuance or settlement of the proceeding, and payment of expenses incurred; otherwise, a derivative action brought in the name of a foreign corporation is governed by the laws of the jurisdiction of incorporation of the foreign corporation. Because these provisions irreconcilably conflict, we must determine which provision controls in this specific context involving the scope of permissible discovery in connection with a foreign corporation's motion to dismiss a derivative action.

10

We conclude that section 21.556 controls here because it is more specific. Section 21.556 is more specific because it addresses the narrower topic of discovery in a proceeding on a motion to dismiss the derivative action, while section 21.562(a) addresses the more general topic of selecting the law applicable to foreign corporations. *See* Tex. Gov't Code Ann. § 311.026(b) (special provision prevails over general provision where they irreconcilably conflict).

The minority shareholders further contend that Delaware law should control the scope of discovery in this context because Texas courts must apply the internal affairs doctrine to foreign-filing entities. The applicable statute states as follows:

> If the formation of an entity occurs when a certificate of formation or similar instrument filed with a foreign governmental authority takes effect, the law of the state or other jurisdiction in which that foreign governmental authority is located governs the formation and internal affairs of the entity.

Tex. Bus. Orgs. Code Ann. § 1.102 (Vernon 2012); *see also* Tex. Bus. Orgs. Code Ann. § 21.562(a) (laws of jurisdiction of incorporation of foreign corporation apply to derivative action, except for specified provisions, which are procedural and do not relate to the internal affairs of the foreign corporation).

The minority shareholders also argue that, to the extent sections 21.556 and 21.562(a) are in conflict, courts resolve the statutory conflict by examining the object sought to be obtained and the consequences of a particular construction. *See* Tex. Gov't Code Ann. § 311.023(1), (5) (Vernon 2013). Therefore, they contend section 21.556 must yield to section 21.562(a) because the application of section 21.556 would ignore public policy goals embodied in the internal affairs doctrine.

We reject these contentions because the internal affairs doctrine has no application to this discovery dispute. The internal affairs of an entity include (1) "the rights, powers, and duties of its governing authority, governing persons, officers, owners, and members"; and (2) "matters relating to its membership interests." Tex. Bus. Orgs. Code Ann. § 1.105 (Vernon 2012).

Because section 21.556 governs this discovery dispute, the minority shareholders are limited to discovery addressing (1) whether the Special Litigation Committee is independent and disinterested; (2) whether the committee's inquiry and review was undertaken in good faith; and (3) the reasonableness of the committee's procedures. Tex. Bus. Orgs. Code Ann. § 21.556(a).

## V. REMEDY

Appeal is an inadequate remedy when the appellate court would not be able to cure the trial court's discovery error. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2008) (per curiam) (orig. proceeding); *In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding). This occurs when the trial court erroneously orders the disclosure of information, which will materially affect the rights of the aggrieved party. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding); *see also In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) ("As DuPont would lose the benefit of the privilege if the documents at issue are disclosed, even if its assertions of privilege were later upheld on appeal, we conclude that this Court may provide mandamus relief in this case."). Here, the trial court signed an order on July 15, 2013, denying Platinum's motion for protective order without specifying its reasons. The trial court signed another order on October 21, 2013, in which it granted the minority shareholders'

12

motion to compel and overruled Platinum's objections without specifying reasons. The record before us does not make clear whether the trial court's orders were based on a determination that (1) section 21.562(a) controls over the discovery limits set forth in section 21.556; or (2) section 21.556 applies and the 43 categories of documents at issue are discoverable under the limits established in section 21.556.

All panel members in this court agree that section 21.556 governs here and limits the minority shareholders to discovery addressing (1) whether the Special Litigation Committee is independent and disinterested; (2) whether the committee's inquiry and review was undertaken in good faith; and (3) the reasonableness of the committee's procedures.

Therefore, the trial court acted beyond its discretion insofar as it required production of the 43 categories of documents at issue to occur based on a determination that section 21.562(a) governs this inquiry.

Because the trial court's orders do not expressly address whether the minority shareholders are entitled to production of the 43 categories at issue in light of section 21.556's specific discovery limits, it should have the opportunity in the first instance to make this determination in light of today's opinion clarifying the reach of section 21.556. *See* Tex. R. App. P. 52.8(c); *see also In re Nance*, 143 S.W.3d 506, 514 (Tex. App.—Austin 2004, orig. proceeding) (explaining "[a]ny disclosure should be no broader than necessary and it is a trial court's obligation to oversee and safeguard the records to ensure unnecessary matters are not disclosed," and ordering the trial court to vacate its order and review documents at issue in camera to determine whether each is subject to the physician-patient

privilege); *In re Sears, Roebuck & Co.*, 123 S.W.3d 573, 579–80 (Tex. App.— Houston [14th Dist.] 2003, orig. proceeding) (holding discovery requests could have been more narrowly tailored, and ordering trial court to vacate discovery orders and conduct further proceedings); *In re Shipmon*, 68 S.W.3d 815, 822 (Tex. App.—Amarillo 2001, orig. proceeding [mand. denied]) (stating, "[a]lthough we have jurisdiction to direct the trial court to proceed to make an effort to impose reasonable discovery limits, we may not tell the trial court what limits it should enter[,]" and directing the trial court to consider and determine, in the exercise of its discretion, the need for reasonable discovery limits).

We conditionally grant Platinum's petition for writ of mandamus. The trial court is directed to make an express determination as to the 43 categories of documents at issue, and to determine whether these categories pertain to one or more of the areas of inquiry allowed by section 21.556(a). The writ will issue only if the trial court does not act in conformity with this opinion. We lift our stay granted on October 30, 2013.

/s/    William J. Boyce
        Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison. (Frost, C.J., dissenting)